This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DAVID S. PETERSON,**

Plaintiff-Appellant,

**v.**                                                                                    **No. 30,235**

**JOSEPH NEUBAUER, PAUL HEYSER,**
**R.D. PECARICH, FOOD STEWARTS (REAL**
**NAMES UNKNOWN), ARAMARK CORP.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Jerald A. Valentine, District Judge**

David S. Peterson
Grants, NM

Pro Se Appellant

Butt, Thornton & Baehr, P.C.
Robert Tabor Booms
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**SUTIN, Judge.**

Plaintiff appeals pro se from an order granting summary judgment to Defendants and denying his motion for reconsideration. We proposed to affirm in a notice of proposed summary disposition, and Plaintiff has filed a motion to appoint counsel and a one page motion to amend the docketing statement. Defendants have filed responses to both of Plaintiff's motions, and Plaintiff has filed replies in support of his motions. Given that Plaintiff's motions contain arguments contending that this Court erred in our notice of proposed summary disposition, we construe them as his memorandum in opposition. We consider the responses filed by the parties to the extent they address the merits of Plaintiff's motion to appoint counsel. However, we do not consider them to the extent they address the merits of the appeal because "our rules of appellate procedure do not provide for the filing of responses and replies back and forth between the parties to their memoranda in support of, or in opposition to, a calendar notice." *Landavazo v. N.M. Dep't of Human Servs.*, 106 N.M. 715, 717, 749 P.2d 538, 540 (Ct. App. 1988).

After reviewing the motions filed by Plaintiff, we are not persuaded that our proposed summary disposition is in error. Therefore, we affirm the district court's order granting summary judgment to Defendants and denying Plaintiff's motion to reconsider. In affirming, we note that Plaintiff need not have moved to amend the docketing statement because he does not raise any issues in the motion to amend that

were not already raised in his docketing statement. *See* Rule 12-208(F) NMRA. Finally, we are not persuaded by Plaintiff's arguments urging us to appoint counsel on his behalf and therefore deny his motion to appoint counsel.

**Appeal**

**Standard of Review**

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 . "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citation omitted). A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 54-55, 728 P.2d 462, 464-65 (1986).

**Claims Relating to Alleged Criminal Violations**

In his docketing statement, Plaintiff contends that he was entitled to summary judgment on his claims of making or permitting false public vouchers, bribery of

public officers, and claims relating to prostitution and that the district court erred in granting summary judgment to Defendants on these claims. [DS 8; RP 620 (¶ 8)] In our notice of proposed summary disposition, we proposed to disagree because these claims all involve criminal allegations [RP 37], and Plaintiff is not authorized to prosecute criminal violations. *Cf. City of Roswell v. Smith*, 2006-NMCA-040, ¶ 10, 139 N.M. 381, 133 P.3d 271 (observing that the district courts lack jurisdiction to hear criminal matters brought by unauthorized persons); *State v. Baca*, 101 N.M. 716, 717, 688 P.2d 34, 35 (Ct. App. 1984) (holding that the court had no jurisdiction to hear a criminal matter in which the private prosecutor was not authorized to represent the state).

In his motion to appoint counsel, Plaintiff contends that this Court has erred because civil lawsuits are often brought against persons who commit crimes such as drunk drivers. [Mtn. to Appt. 2] We are not persuaded that a private person's right to bring a negligence action against a drunk driver who has injured that person entitles a private person such as Plaintiff to bring a private action against someone for allegedly violating any and all criminal statutes. [Id. 2] For the same reason, we are not persuaded by Plaintiff's citation to UJI 13-1501 NMRA [Id. 2] because that instruction is directed at cases involving negligence as a matter of law based upon violation of a statute. *See* UJI 13-1501. Plaintiff's claims of making or permitting

false public vouchers, bribery of public officers, and claims relating to prostitution do not involve allegations of negligence.

Plaintiff also makes general statements about the small amount of money in his prison account. [Mtn. to Amend] However, we fail to see how these statements rebut any of the analysis contained in our proposed summary disposition.

Finally, in our notice, we proposed to hold that Plaintiff was not entitled to prevail on his claim to restrain the payment or receipt of public money pursuant to NMSA 1978, Section 30-23-4 (1963) because Plaintiff's complaint fails to request injunctive relief and the governmental agency that is allegedly wrongfully paying money to Defendants is not even named as a defendant. [RP 34, 38] We also noted that Plaintiff's motion for a preliminary injunction merely requested that Defendants be compelled to provide a nutritionally adequate vegetarian diet; there is nothing requesting that a public agency be restrained from paying any public money. [RP 82-86] *Cf. Hatch v. Keehan,* 61 N.M. 1, 3, 293 P.2d 314, 315 (1956) (holding that private citizens may only bring an action to restrain the payment or receipt of public funds and thus a private citizen is not authorized to bring an action to recover or restore public funds). Plaintiff fails to point out any errors in our analysis except to contend he has a right to bring this action based upon the Fraud Against Taxpayers Act, NMSA 1978, §§ 44-9-1 to -14 (2007). [Mtn. to Appt. 2; Mtn. to Amend] However,

Plaintiff has failed to state a claim under that statute because he has failed to bring any action in the name of the state. *See* § 44-9-5(A).

For the foregoing reasons and those set forth in our notice of proposed summary disposition, we affirm the district court on Plaintiff's first issue.

**Failure to Issue Subpoenas**

Plaintiff contends that he was denied due process when the district court failed to issue subpoenas or to have a hearing for expert witnesses. [DS 8] In our notice, we proposed to affirm because the only documents in the record pertaining to this issue showed that the district court needed additional information from Plaintiff before issuing the subpoenas. [RP 671-72] As we were unable to determine what information was missing, we were unable to determine if the district court erred in refusing to issue the subpoenas. *See generally State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) ("Matters outside the record present no issue for review.").

In his motion to appoint counsel, Plaintiff claims that Rule 1-045 NMRA does not require any specific information and, in his motion to amend, he claims he sent the district court complete subpoenas. [Mtn. to Appt. 3; Mtn. to Amend] Despite these contentions, Plaintiff fails to inform us as to the district court's explanation for its

alleged failure to issue subpoenas on his behalf. Therefore, we remain unable to determine if the district court erred in refusing to issue the subpoenas.

In addition, in our notice of proposed summary disposition, we proposed to affirm because Plaintiff failed to inform us of the identity of or the anticipated testimony from the doctors or "dietary expert witnesses" that he hoped to obtain. [DS 3-4] We noted that the district court gave Plaintiff thirty days to provide the court with expert testimony regarding his vegetarian diet before his motion for a preliminary injunction would be denied. [RP 175] Plaintiff submitted a list of exhibits, but none of them pertain to expert testimony on the adequacy of Plaintiff's vegetarian diet. [RP 225-29, 232-44]

In his motion to appoint counsel, Plaintiff contends that we ignored the blood test and the information provided by Dr. Horning. [Mtn. to Appt. 3] We disagree, because our review fails to indicate that either supports Plaintiff's claim. To the contrary, the blood test results and the exhibits in the record proper indicate Plaintiff was receiving an adequate diet by indicating that Plaintiff's health was not being compromised by his diet. [RP 230-31, 244-46]

Finally, as discussed at length in our notice of proposed summary disposition, Plaintiff has failed to provide any information regarding the identity of the persons he sought to subpoena or how their testimony would have assisted him, and he has failed

7

to inform us as to how these witnesses would have rebutted the documentary evidence and affidavits offered by Defendants. [Mtn. to Appt. 3] In our notice, we instructed Plaintiff to inform us of whether he had any potential expert witnesses that could have testified to the allegedly adverse health effects suffered by Plaintiff due to inadequate calories or protein. He has failed to provide this information and thus we remain unpersuaded that Plaintiff was prejudiced by the district court's alleged failure to issue subpoenas. *See State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994) ("In the absence of prejudice, there is no reversible error."); *cf. Reeves v. Wimberly*, 107 N.M. 231, 236, 755 P.2d 75, 80 (Ct. App. 1988) ("Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered.").

For the foregoing reasons and those set forth in our notice of proposed summary disposition, we affirm on this issue.

**Propriety of the Order Granting Summary Judgment to Defendants**

Plaintiff contends that the district court erred in granting summary judgment to Defendants given that Plaintiff's motions to compel were outstanding. [DS 8] In our notice, we proposed to affirm because Plaintiff failed to show how any materials

8

sought but not yet disclosed could have rebutted Defendants' prima facie showing entitling them to summary judgment.

In his motion to appoint counsel and motion to amend, Plaintiff has again failed to make any showing that the analysis contained in our notice of proposed summary disposition is incorrect. [Mtn. to Appt. 3; Mtn. to Amend] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In our notice, we engaged in a lengthy summary of the arguments and supporting documentation submitted by Defendants to establish a prima facie showing that they were entitled to summary judgment. [RP 453-87] *See generally Self*, 1998-NMSC-046, ¶ 6; *Roth*, 113 N.M. at 334-35, 825 P.2d at 1244-45. We then observed that Plaintiff failed to rebut Defendants' prima facie showing and failed to establish that any outstanding discovery would assist him in rebutting Defendants' showing. *See Dow*, 105 N.M. at 54-55, 728 P.2d at 464-65 (noting that a party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint").

We understand Plaintiff to now contend that, had the subpoenas been issued, he could have rebutted Defendants' prima facie case. [Mtn. to Appt. 3] However, as

9

discussed in the preceding section, Plaintiff had failed to identify any experts who could have testified that he suffered due to the alleged inadequacies of his diet. Therefore, we are not convinced that he was deprived of any experts that could have supported his claims.

Plaintiff also contends that a jury could "disbelieve" some of the affidavits submitted by Defendants in support of their motion for summary judgment. [Id.] This possibility is not enough to survive a motion for summary judgment in light of Plaintiff's failure to submit any affidavits or other exhibits that rebut or call into question any of the materials submitted by Defendants. *See Dow*, 105 N.M. at 54-55, 728 P.2d at 464-65.

In his motion to appoint counsel, Plaintiff argues that his lack of access to a law library or legal authorities precludes him from being able to successfully challenge our proposed disposition. [Mtn. to Appt. 3; Mtn. to Amend] We are unpersuaded. Our review of the record indicates that Plaintiff's complaint appears to be without factual basis. We are therefore unconvinced that additional access to case law would render the outcome any different.

Plaintiff also contends the American Corrections Association does not have dietary standards. [Mtn. to Amend] Apparently, this is in rebuttal to our observation that the motion, exhibits, and affidavits submitted by Defendants show that Plaintiff

was given a nutritionally adequate diet meeting the standards set by the American Corrections Association and the National Commission of Correctional Healthcare. [RP 471-71A (¶¶ 5, 8, 11), 475, 617 (¶ 9), 618 (¶ 15)] Given the expert testimony that Plaintiff's diet meets the standards set by the American Correctional Association [RP 471 (¶ 5), 475], Plaintiff's unsupported allegation that these standards do no exist does not warrant revisiting of the propriety of the summary judgment order.

Finally, in our notice of proposed disposition, we proposed to affirm the dismissal of Plaintiff's claims of fraud and violation of the Unfair Practices Act. We proposed to hold that Plaintiff failed to rebut Defendants' prima facie case that they did not make any untrue statements or misrepresentations in connection with the sale of goods and services. [RP 469 (¶¶ 6-10), 471A-72 (¶¶ 12-16), 477 (¶¶ 6-10), 484-85 (¶¶ 11-16), 618 (¶ 18), 619 (¶ 4)] *See* NMSA 1978, § 57-12-2(D) (2003) (amended 2009); *Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 5, 142 N.M. 437, 166 P.3d 1091 ("The gravamen of an unfair trade practice is a misleading, false, or deceptive statement made knowingly in connection with the sale of goods or services." (internal quotation marks and citation omitted)); *Saylor v. Valles*, 2003-NMCA-037, ¶¶ 12-13, 17, 133 N.M. 432, 63 P.3d 1152 (filed 2002). [RP 618 (¶ 18), 619 (¶ 3)] Moreover, we proposed to hold that Plaintiff failed to make any

11

showing that he relied upon any alleged intentional misrepresentations to his detriment. *See Saylor*, 2003-NMCA-037, ¶ 22.

In his motion to appoint counsel, Plaintiff claims he needs authorities to support his contentions because the "clear and unambiguous" language of the statute provides him with a claim. [Mtn. to Appt. 3] He claims that without access to authorities, it is impossible to determine if this Court's analysis is correct. [Id. 3-4] We are unpersuaded given the language of Section 57-12-2(D) which clearly defines an "unfair or deceptive trade practice" as "a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services . . . that may, tends to or does deceive or mislead any person." *Id.*

For these reasons and those discussed at length in our notice of proposed summary disposition, we affirm the district court's order granting summary judgment to Defendants and affirm the order denying Plaintiff's motion for reconsideration.

**Motion to Appoint Counsel**

Plaintiff requests that this Court appoint him counsel claiming that the district court's granting of summary judgment on his complaint and this Court's proposed affirmance is evidence that he requires counsel in order to be afforded adequate access to the courts. [Id. 4] We are unpersuaded.

Plaintiff is correct that New Mexico courts have recognized that "prisoners' right of access to the courts is a fundamental right protected by the [c]onstitution." [Id. 1] *Cordova v. LeMaster,* 2004-NMSC-026, ¶ 11, 136 N.M. 217, 96 P.3d 778. However, we are not convinced that Plaintiff was in any way denied access to the courts merely because he had not been appointed counsel or because he was only given limited access to legal authorities in bringing this lawsuit or the appeal.

The record and Plaintiff's filings before this Court indicate that Plaintiff has been afforded ample opportunity to present his allegations, and he has failed to show an inability to articulate his claims. Plaintiff brought this lawsuit in December 17, 2008 [RP 1, 29], and a three-volume record, including numerous motions and exhibits, was compiled before the case was resolved a year later by the order of summary judgment. Review of his docketing statement and motion to appoint counsel indicates that Plaintiff was not hindered by his alleged lack of access to legal authorities and counsel, but instead by the weakness of his underlying claims. He seeks counsel to find law to support his claim, but the law instead supports the district court's order granting summary judgment. [Mtn. to Appt. 2, 4]

In sum, even though the right of access to the courts is fundamental, s*ee id.*, that right is not boundless. *See Cruz v. FTS Constr. Inc.,* 2006-NMCA-109, ¶ 36, 140 N.M. 284, 142 P.3d 365. Plaintiff has been afforded sufficient access as evidence by

13

the three-volume record below and the consideration of the merits of his appeal by this Court. Although Plaintiff claims that meaningful access to the courts includes an opportunity to comply with all court rules and requirements [Reply 1], his appeal is not being rejected for failure to comply with rules or failure to cite to legal authorities but instead for failure to rebut Defendants' prima facie case entitling them to summary judgment. Finally, to the extent Plaintiff is alleging that his "captors have violated state law" by denying him the opportunity to access case law, this claim is not directed at Defendants in this case because they are not New Mexico Corrections Department officials. [Reply 1]

Based upon the foregoing, Plaintiff's motion to appoint counsel is denied.

**Conclusion**

For the reasons set forth in this opinion and discussed at length in our notice of proposed summary disposition, we affirm the district court's order granting summary judgment to Defendants and the order denying Plaintiff's motion for reconsideration. We deny Plaintiff's motion to appoint counsel and his motion to amend the docketing statement.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

14

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**