This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOHN ESCOBEDO, as Personal Representative of the ESTATE OF RAMONA HENNINGTON,**

Plaintiff-Appellant,

**v.**                                                        **No. 30,350**

**FARMER'S INSURANCE COMPANY OF ARIZONA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Klipstine & Honigmann, LLC
James W. Klipstine, Jr.
Hobbs, NM

for Appellant

Sandenaw Law Firm PC
Cody R. Rogers
Las Cruces, NM

for Appellee

### MEMORANDUM OPINION

**SUTIN, Judge.**

Plaintiff John Escobedo appeals from the district court's order granting summary judgment in favor of Defendant Farmer's Insurance Company of Arizona. We issued a calendar notice proposing to summarily affirm the district court. Plaintiff filed a timely memorandum in opposition and a motion to amend the docketing statement, which we have duly considered. Remaining unpersuaded, we deny the motion to amend the docketing statement and affirm the district court's ruling.

**DISCUSSION**

**Procedural Error**

We first address the issue raised in Plaintiff's first docketing statement. Plaintiff continues to argue that summary judgment was not procedurally proper in this case. [DS 8; MIO 1-2] In his response, Plaintiff clarifies that he is arguing that he was not allowed the time required under Rule 1-056(D)(2) NMRA to raise issues of fact. [MIO 2]

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the

2

motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citation omitted). A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 54-55, 728 P.2d 462, 464-65 (1986).

The record indicates that on September 10, 2009, Defendant filed a memorandum in support of a motion to dismiss or in the alternative for summary judgment on Plaintiff's claims for unfair trade practices and damages for emotional or mental distress. [RP 66-71] Defendant argued in part that it did not renew Plaintiff's insurance policy because Plaintiff's claims history no longer met its underwriting guidelines. [RP 69-70] Defendant argued that the undisputed material facts demonstrated that Defendant had a legitimate reason for not renewing the policy and thus did not act in bad faith. [RP 69-70] Defendant attached several exhibits to the memorandum, including an affidavit from Defendant's underwriter that stated that the only basis for Defendant not renewing Plaintiff's policy was related to Plaintiff's loss history in that Plaintiff submitted two claims for property damage within a three-year period. [RP 73-74]

Plaintiff filed a detailed answer to the memorandum eleven days later, on September 21, 2009. [RP 85-91] It does not appear that Plaintiff attached any exhibits or affidavits to the answer. After a hearing, the district court found that Defendant asserted as a fact through the underwriter's affidavit the reason that Defendant did not renew Plaintiff's policy. [RP 105] The district court also found that Plaintiff failed to present admissible evidence to dispute the asserted fact. [RP 105] Accordingly, the district court found that summary judgment should be granted on the unfair trade practices claim. [RP 105]

Under these circumstances, we proposed to conclude that Defendant established through its exhibits filed in district court, including affidavits and discovery responses, a prima facie showing as to why summary judgment was proper, and Plaintiff did not rebut this showing. According to the memorandum and affidavit, Defendant had a legitimate reason for not renewing Plaintiff's policy. [RP 69-70, 73-74] We saw no indication in the record that Plaintiff was able to demonstrate the existence of any specific evidentiary facts in response to Defendant's assertion of fact that would require a trial on the merits. Therefore, we proposed to hold that the district court did not err in concluding that Plaintiff failed to rebut Defendant's prima facie case that Defendant did not engage in unfair trade practices.

To the extent that Plaintiff continues to argue that the summary judgment proceedings in the district court were procedurally inadequate, we remain unpersuaded. Plaintiff argues that the district court did not allow enough time for Plaintiff to respond and present material evidence. [DS 8-9; MIO 1-2] Rule 1-056(D)(2) allows a party opposing a motion for summary judgment fifteen days after service to submit a memorandum in opposition stating the reasons for opposing the motion. However, Plaintiff filed a comprehensive written response to the memorandum within eleven days that clearly indicates that Plaintiff was responding to a motion for summary judgment and was aware of Defendant's arguments. [RP 85-91] *See Martinez v. Logsdon*, 104 N.M. 479, 483, 723 P.2d 248, 252 (1986) (concluding that a defendant was not prejudiced by any lack of notice when the plaintiffs did not file a separate motion for summary judgment because the defendant's reply indicated that he was well aware that the plaintiffs were arguing for summary judgment).

In addition, as Plaintiff filed a timely response and there was no indication that he ever requested additional time, our calendar notice stated that it is not clear how Plaintiff was prejudiced by any procedural irregularities. In his answer, Plaintiff did not claim that he was not given a reasonable opportunity to respond or present material evidence. Plaintiff's answer refers to attachments, but no attachments appear

in the record. Thus, there is no indication in the record that Plaintiff's failure to present evidence was due to procedural deficiencies in the proceedings. It further appears that Plaintiff argued against Defendant's motion at the hearing [DS 7, MIO 1-2], but there is no indication in the record, the docketing statement, or the memorandum in opposition that Plaintiff ever alerted the district court that he wished to present additional evidence to support the allegations of the complaint. In particular, there is no indication that Plaintiff filed a motion for reconsideration requesting more time to attach affidavits or exhibits. As such, we are not persuaded that Plaintiff's failure to demonstrate the existence of specific evidentiary facts that required a trial on the merits was due to procedural irregularities.

For these reasons, we are not persuaded that the district court erred in concluding that Plaintiff's conclusory allegations without specific supporting facts were not sufficient to create a genuine issue of material fact under the summary judgment standard. We therefore affirm the district court's order granting summary judgment to Defendant.

**Motion to Amend**

Plaintiff's motion to amend the docketing statement seeks to add a new issue, which is that the affidavit filed in support of Defendant's motion for summary judgment raises an issue of material fact that precludes summary judgment. [Motion

6

to Amend 1-2; Amended DS 9] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superseded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Plaintiff's motion does not comply with the Rules of Appellate Procedure because it fails to explain why this issue was not raised in the docketing statement. As such, Plaintiff has not shown just cause for amending the docketing statement. Moreover, this Court has already addressed the merits of the district court's summary judgment ruling. As discussed earlier, the district court found that Defendant asserted a legitimate reason for not renewing Plaintiff's policy, which was supported by the underwriter's affidavit. [RP 105] The district court also found that Plaintiff failed to

7

present admissible evidence to dispute the asserted fact. [RP 105] Under these circumstances, we remain persuaded that the district court did not err in concluding that Plaintiff failed to rebut Defendant's prima facie case that Defendant did not engage in unfair trade practices. We therefore deny the motion to amend the docketing statement.

**Conclusion**

For these reasons, and those in the calendar notice, we affirm.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**