This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LEE STONE,**

    Plaintiff-Appellant,

**v.**                                                                 **No. 30,426**

**COUNTY OF QUAY, QUAY COUNTY ROAD DEPARTMENT, QUAY COUNTY COMMISSIONER FRANKLIN MCCAUSLAND, QUAY COUNTY MANAGER RICHARD PRIMROSE, AND QUAY COUNTY ROAD SUPERINTENDENT, LARRY MOORE,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert Mitchell, District Judge**

Lee Stone
San Jon, NM

Pro Se Appellant

Slease & Martinez, P.A.
William D. Slease
Jonlyn M. Martinez
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**SUTIN, Judge.**

Plaintiff appeals the summary judgment order entered in favor of Defendants. We proposed to affirm in a calendar notice, and we have received both a memorandum in support and a memorandum in opposition from the parties. We have duly considered the arguments of the parties, but we are not persuaded that affirmance is not the correct disposition in this case. We therefore affirm.

Plaintiff continues to claim that the district court judge was biased, not impartial, and ruled unjustly. In our calendar notice, we explained that we will not search a record to find support for a litigant's claims. In response, Plaintiff supplements his docketing statement with references to documents in the record proper that he claims support his arguments. [MIO 6-8] Ten of the twelve references are to pleadings prepared and filed by Plaintiff. [Id.] A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 54-55, 728 P.2d 462, 464-65 (1986). "[T]he briefs and arguments of counsel are not evidence upon which a trial court can rely in a summary judgment proceeding." *V.P. Clarence Co. v. Colgate*, 115 N.M. 471, 472, 853 P.2d 722, 723 (1993). Instead, for purposes of summary judgment, the non-movant may not rest on the pleadings, but must demonstrate genuine issues of

material fact by way of sworn affidavits, depositions, and similar evidence. *Dow*, 105 N.M. at 54-55, 728 P.2d at 464-65. We therefore reject Plaintiff's contention that his pleadings support reversal in this case.

The remaining two documents are orders entered by the district court. [RP 84, 486] The first is an order taking Defendants' motion to dismiss under advisement and allowing Plaintiff thirty days to amend his complaint to state a cognizable cause of action. [RP 84] The order provides that if an amended complaint is not filed by Plaintiff, then Defendants' motion to dismiss will be granted. [Id.] Plaintiff claims that this demonstrates that the district court believed there were genuine issues of material fact remaining in the case. [MIO 6] The second order denies Plaintiff's motion for reconsideration and grants Defendants' motion for attorney fees and costs. [RP 485-86] Plaintiff claims that Defendants requested $15,711.70 in fees and costs, but were awarded only $10,711.70. [MIO 8] Plaintiff argues that the difference of $5000 was a deduction made by the district court for the unlawful acts by Defendants. [Id.] We reject these claims as well.

The order allowing Plaintiff more time to file a complaint that stated a cognizable cause of action does not, in any way, indicate that the district court believed that Plaintiff's complaints against Defendants were valid. In fact, the district court made an explicit finding that Plaintiff continued to pursue his action "despite it

3

being clear that it lacked merit." [RP 486] In addition, an award of attorney fees and costs that is less than that requested cannot support Plaintiff's argument that genuine issues of material fact remained to be decided in the case, particularly in light of the finding by the district court that Plaintiff's claims had no merit.

For the reasons discussed in this opinion and those discussed in our calendar notice, we affirm the order granting summary judgment in favor of Defendants.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**MICHAEL E. VIGIL, Judge**