This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MESA STEEL, INC. and**
**DAVID MITTLE,**

Plaintiffs/Counterdefendants-Appellants,

v.                                                          **No. 34,546**

**STEPHEN DENNIS and JOYCE DENNIS,**

Defendant/Counterplaintiffs-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Law Office of David E. Mittle
David E. Mittle
Santa Fe, NM

for Appellants

Law Offices of Brian K. Branch
Brian K. Branch
Sean P. McAfee
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Appellants Mesa Steel, Inc. and David Mittle ("Appellants") appeal from the

district court's order granting summary judgment in favor of Stephen and Joyce Dennis ("Appellees"), and denying Appellants' motion to compel. This Court issued a calendar notice proposing to affirm. Appellants have filed a memorandum in opposition, which this Court has duly considered. Unpersuaded, we affirm the district court's grant of summary judgment. Furthermore, because we conclude that Appellants were barred from bringing the current claim, we do not address their claim of error regarding the denial of their motion to compel.

{2}     In this Court's calendar notice, we pointed out that the district court granted summary judgment in favor of Appellees on the basis that Appellants had not established any claim to the settlement proceeds on the grounds of double recovery given that the doctrine of double recovery only applies where a joint obligation exists. [CN 2] We noted that Appellants had the burden of overcoming this Court's presumption of correctness in the district court's rulings and demonstrating that the district court's ruling was in error. [CN 3 (citing *Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.")] We pointed out that, while Appellants cited numerous cases, those cases did not support the proposition that double recovery applies in circumstances where no joint obligation exists. We also noted that the broad language of the Mutual Release

2

and Settlement Agreement ("the Agreement") covered any claims Appellants had raised in the current litigation that were related to the purchase of Mesa Steel from Appellees. [CN 4-5] On these bases, we proposed to affirm.

{3} In response to this Court's proposed affirmance, Appellants contend that the fact pattern presented by this case creates a novel circumstance and that we should extend the general principle of law that a wrongdoer should not be entitled to double recovery to circumstances where no joint obligation exists. [MIO 4, n. 6] In addition, Appellants continue to argue that the release language in the Agreement "is limited to those claims that could have been brought in the [original lawsuit between the Dennises and Mittle]" and that the claim against Appellees for double recovery could not be brought in the original litigation. [MIO 14] We remain unpersuaded by Appellants' argument that the release does not extend to the claims raised in this case and, therefore, affirm.

{4} Appellants refer this Court to language contained in four sections of the Agreement in support of their contention that the release is limited to those claims "that could have been brought in the Lawsuit." [MIO 14 (citing the Agreement at ¶ I.B, ¶ II.A, ¶ II.B, and ¶ III)]. While we note that two of the provisions indicate that the parties are releasing all claims that could have been brought in the original lawsuit

[RP 141-42 ( ¶ II.A, ¶ II.B)], we also point out that there is much broader release language contained elsewhere in the agreement. Specifically, Paragraph I.B provides:

> Dennis, Mesa Steel, Inc., and Mittle desire to compromise and settle all claims arising out of or related to the sale of Mesa Steel, Inc., including all claims and counterclaims brought and which could have been brought in the Lawsuit, *and any other claims arising out of, related to or in any manner concerning the matters set forth herein*, absolutely and to the fullest extent permitted by law or equity[.]

[RP 140-41 (emphasis added)] In addition, Paragraph III, titled "Further Description of Claims Released," provides:

> With the exception of the covenants and agreements to be performed by the parties in satisfaction of the terms of this . . . Agreement as further set forth herein, which undertakings are expressly not released, the parties hereto, respectively, by this Agreement, release, discharge and acquit the parties that they are hereby releasing, respectively, of and *from all claims*, actions, demands, causes of action, charges, expenses, costs, *loss and damage of every nature and description, known or unknown, past, present or future, arising out of or related to the matters set forth in the Litigation*, including claims for reimbursement, payment of costs and expert witness fees.

[RP 142 (emphasis added)]

{5}     While Appellants focus on one portion of the Agreement, it appears Appellants have disregarded the more general mutual release agreement language set forth above. That language releases "all claims, actions, demands, causes of action, charges, expenses, costs, loss and damage of every nature and description, known or unknown, past, present or future, *arising out of or related to the matters set forth in the*

4

*Litigation, including claims for reimbursement*, payment of costs and expert witness fees." [RP 142 (emphasis added)] The malpractice suit and Appellants' resulting declaratory judgment action and request for offset and reimbursement clearly arise out of and are related to the matters set forth in the original litigation between Appellants and the Dennises. Moreover, Appellants' claim for reimbursement in this action appears to have been specifically released in the language set out above.

{6}     To the extent Appellants assert in their memorandum in opposition that affidavits submitted in response to Appellees' motion for summary judgment "clearly, and unambiguously affirm that it was not the intent nor expectation of either Mittle or Mesa Steel that the . . . Agreement would act as a release to the proceeds of an attorney malpractice suit, if any[,]" [MIO 14] we disagree. The affidavits submitted below by Appellants [RP 112-14, 115-16] merely assert that "[t]he provision in the . . . Agreement . . . that I shall cooperate with counsel in any action or proceeding against Hickey et[] al. is not a release of Hickey or his law firm or a release of any judgment or settlement the Dennises might have obtained [from] Hickey or his law firm." [RP 113] The affidavit goes on to say that "[t]he provision means what it says—I will cooperate and testify truthfully. To argue it is a release is a non sequitar [sic]." [RP 113; *see also* RP 115, Affidavit of Mesa Steel ("The provision in the . . . Agreement . . . that Mittle shall cooperate with counsel in any action or proceeding

5

against Hickey et[] al. is not a release of Hickey or his law firm or a release of any judgment or settlement the Dennises might have obtained [from] Hickey or his law firm. The provision was never intended to be a release of Hickey or his law firm by Mesa Steel or a release of any judgment or settlement the Dennises might obtain against Hickey or his law firm either in law or equity.")].

{7} These affidavits create no genuine issue of material fact regarding whether the language contained in Paragraph III—wherein Appellants release the Dennises from "all claims . . . known or unknown, past, present or future, arising out of or related to the matters set forth in the Litigation, including claims for reimbursement, payment of costs and expert witness fees"—is ambiguous, as neither affidavit makes any reference to this provision. [RP 142] Because the provision contained in Paragraph III of the Agreement is clear and unambiguous on its face, and because Appellants failed to establish any ambiguity arising from that specific provision, we conclude that the district court did not err in determining that Appellants had released any claim to reimbursement from the Appellees, given the broad language contained in Paragraph III. *See Hansen v. Ford Motor Co.*, 1995-NMSC-044, ¶ 32, 120 N.M. 203, 900 P.2d 952 ("A release is contractual in nature and as such our primary objective in construing its terms is to give effect to the intent of the parties."); *H-B-S P'ship v. Aircoa Hosp. Servs., Inc.*, 2005-NMCA-068, ¶ 19, 137 N.M. 626, 114 P.3d 306

(stating that contracts are interpreted consistently with their plain meaning, giving meaning to each word or phrase within the context of the entire contract, and are given a reasonable construction).

**{8}** Moreover, to the extent Appellants were asserting a claim against John Hickey, Appellants specifically released Appellees' attorney in Paragraph II.B of the Agreement for all claims that were raised or could have been raised in the Litigation. [RP 141-42 (stating that David Mittle and Mesa Steel "forever release and discharge Stephen W. Dennis, Joyce N. Dennis, Sam Goldenerg & Associates, Inc., . . . and all of their predecessors and successors, . . . employers, employees and insurers, attorneys from any and all claims, demands, damages, suits or causes of action of whatsoever kind or nature, which are or could have been the basis for a claim which was filed in . . . Cause No. D-0101-CV-2008-01603")] Thus, to the extent Appellants' current suit is premised on a claim against John Hickey, rather than the Appellees, our rules of civil procedure would have permitted the inclusion of claims against John Hickey in the original litigation, where the claims arose out of the same common nucleus of facts. *See* Rule 1-013 NMRA; Rule 1-014 NMRA. Furthermore, to the extent that Appellants wished to reserve a claim against John Hickey, no such express reservation exists. *See Hansen*, 1995-NMSC-044, ¶ 32 (indicating that potential tortfeasors that

are not a party to the settlement may still be released where they are named or identified in a release agreement).

{9} Also in response to this Court's proposed affirmance, Appellants also argue that public policy requires that injured persons should be benefitted, rather than wrongdoers, and that wrongdoers should not enjoy "windfalls." Appellants contend that there are genuine issues of material fact as to whether Appellees are "wrongdoers" and as to whether the recovery is a "windfall." Although there are ample contract-based reasons for affirming the district court's ruling, we also note that Appellants' argument that there are genuine issues of material fact as to whether Appellees are "wrongdoers" and as to whether the recovery is a "windfall" is not compelling. First, because we agree that there is no joint obligation, those facts, even if they existed, would not impact the disposition of this case because the doctrine of double recovery only applies where a joint obligation exists. Second, simply asserting that there are facts, without providing evidence of said facts, is insufficient to defeat summary judgment. *See Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 ("Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits."); *Dow v. Chilili Coop. Ass'n*, 1986-NMSC-084, ¶ 13, 105 N.M. 52, 728 P.2d 462 (stating that "[a] party may not simply

argue that such facts might exist, nor may it rest upon the allegations of the complaint").

{10}     As a result, we conclude that summary judgment was proper. Accordingly, for the reasons stated above, we affirm.

{11}     **IT IS SO ORDERED.**


                _____

                **M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**RODERICK T. KENNEDY, Judge**