This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39321

**LOUISE CISNEROS,**

Plaintiff-Appellant,

v.

**CENTRAL NEW MEXICO COMMUNITY COLLEGE BOARD OF REGENTS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Lisa C. Ortega, District Court Judge**

Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellant

Stiff, Garcia & Associates, LLC
John S. Stiff
Edward F. Snow
Albuquerque, NM

for Appellee

## DISPOSITIONAL ORDER

**HENDERSON, Judge**

**THIS MATTER** is on appeal from the district court's order granting summary judgment in favor of Defendant Central New Mexico Community College Board of Regents. We note the following:

1. Plaintiff filed a complaint alleging that Defendant discriminated against her and retaliated against her in violation of the New Mexico Human Rights Act (NMHRA), NMSA 1978, Section 28-1-1 to -15 (1969, as amended through 2023). Plaintiff alleged that she fell twice at work and injured her ankles. Plaintiff requested, and was granted, time off of work after her first fall. After her second fall, Plaintiff requested time off and coverage for her nursing clinicals. While coverage for Plaintiff's clinicals was provided for the Thursday following this second fall, Defendant told Plaintiff that a substitute was not available for her Friday nursing clinicals and Plaintiff "needed to be in clinical[s] to provide the students what they needed." As a result of this conversation, Plaintiff "felt like [she] had no choice but to go to work."

2. We "presume[] that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred." *Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701. Additionally, we "ha[ve] no duty to review an argument that is not adequately developed." *Id.* ¶ 28. "To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53. "This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Id.*

3. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.* "On appeal from the grant of summary judgment, we ordinarily review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "An issue of fact is 'genuine' if the evidence before the court considering a motion for summary judgment would allow a hypothetical fair-minded factfinder to return a verdict favorable to the non-movant on that particular issue of fact." *Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 23, 294 P.3d 1276 (internal quotation marks and citation omitted).

4. A movant for summary judgment "need only make a prima facie showing that [they are] entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 (internal citation omitted). A party opposing summary judgment "may not simply argue that such [evidentiary] facts [requiring a trial on the merits] might exist, nor may [the party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 1986-NMSC-084, ¶ 13, 105 N.M. 52, 728 P.2d 462.

5. On appeal, Plaintiff asserts that the district court erred in granting summary judgment because there was a factual dispute as to whether Plaintiff's disability was

accommodated. Plaintiff likewise asserts that she was engaged in a protected activity when she requested an accommodation and sought time off from work to recover from her fall, and therefore the district court erred in granting summary judgment on her retaliation claim.

6.      We have carefully reviewed the briefs, applicable law, and arguments made by the parties. We have also reviewed the entire record.

7.      We conclude that Plaintiff has not met her burden to demonstrate that the district court erred in granting Defendant's motion for summary judgment. *See Corona*, 2014-NMCA-071, ¶ 26. While Plaintiff asserts the facts set forth above demonstrate that she met her burden to oppose summary judgment, she has not provided any argument or analysis setting out how these facts are material to her causes of action at issue, nor has she stated how these facts demonstrate a dispute of fact as to any element of *any* cause of action. Thus, to rule on the merits, we would have to speculate about how or why the evidence Plaintiff points to presents a jury question. It is not our role to develop Plaintiff's arguments for her and we will not guess at what her arguments are. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70. Because we have no duty to review an argument that is inadequately developed, we decline to further consider Plaintiff's argument that the district court erred in granting summary judgment on her NMHRA claims. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076.

8.      For these reasons, we affirm the district court's grant of summary judgment on Plaintiff's claims under the NMHRA.

9.      **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**