This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-43219**

**PRESBYTERIAN HEALTHCARE SERVICES,**

      Plaintiff-Appellee,

v.

**MARIAN ALLEN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Court Judge**

Davis Miles, PLLC
Benjamin A. Jacobs
Albuquerque, NM

for Appellee

Marian Allen
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**MEDINA, Chief Judge.**

**{1}** Defendant, a self-represented litigant, appeals the district court's order granting Plaintiff's motion for summary judgment. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed disposition, proposing to summarily affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}**     Our notice proposed to reject the merits of Defendant's contentions that there were material factual issues that should preclude summary judgment [CN 1-5] and that the sign-on bonus agreement was ambiguous as to whether Defendant would need to repay a portion of the sign-on bonus [CN 5-7]. We also proposed to reject Defendant's contention that the district court erred by rejecting her equitable defenses for the failure to provide adequate information and demonstrate error. [CN 7] Defendant's response contains conclusory statements and demonstrates neither district court error nor error in our notice. We explain below.

**{3}**     We proposed to affirm on grounds that the record did not show that Defendant submitted an affidavit or other admissible evidence to establish any facts or demonstrate a fact issue for trial in order to defeat summary judgment. [CN 3] *See Dow v. Chilili Coop. Ass'n*, 1986-NMSC-084, ¶ 13, 105 N.M. 52, 728 P.2d 462 (A party opposing summary judgment "may not simply argue that [evidentiary] facts [requiring a trial on the merits] might exist, nor may [the party] rest upon . . . allegations."). Defendant's memorandum in opposition claims that she submitted sworn factual assertions and documentary evidence that demonstrated the existence of factual issues with respect to her claim of constructive discharge and her equitable defenses. [MIO 2-4] However, Defendant does not specifically describe the evidence she claims to have introduced and does not state when she introduced the evidence or refer to the record proper showing the submission of this evidence, despite our explicit instructions to do so. [CN 5] Because we see no indication in the record proper that Defendant introduced evidence that created a material factual issue and because Defendant continues to rely on conclusory claims about the record proper and conclusory allegations of error without *demonstrating how* she created a material factual issue that would defeat summary judgment, we conclude that Defendant did not create a factual dispute. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and explaining that the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}**     Our notice also proposed to affirm the district court's conclusion that under the circumstances, the sign-on bonus agreement unambiguously required repayment from Defendant. [CN 5-7] As we explained in our notice, the sign-on bonus agreement broadly states that should the Recipient "leave employment, for any reason . . . [the] Recipient agrees to pay [Plaintiff] a pro-rated amount." [RP 6 ¶ 5] This broad repayment provision is followed by an exhaustive list of specific exceptions that do not apply to Defendant's situation. [CN 6] In response, Defendant asserts that the district court's "conclusion is inconsistent with New Mexico law" [MIO 2], relying solely on the broad principle that "[a]mbiguity is a question fact, not law" [Id. 3]. However, "[i]t is well established that whether a contractual provision is ambiguous is a question of law, which we review de novo." *Randles v. Hanson*, 2011-NMCA-059, ¶ 26, 150 N.M. 362, 258 P.3d 1154 (alteration, internal quotation marks, and citation omitted). An ambiguity exists if contract terms are "subject to equally logical but conflicting interpretations." *Id.* (internal quotation marks and citation omitted). Defendant's bare insistence that there is

an ambiguity in the relevant contract terms as applied to her does not persuade us that our proposed affirmance was incorrect. *See Mondragon*, 1988-NMCA-027, ¶ 10.

**{5}** Lastly, we note that Defendant's memorandum in opposition seems to claim that our notice improperly imposed appellate burdens on her. [MIO 1-2] We disagree. Our notice set forth the information that a docketing statement needs to supply to this Court; it explained why Defendant's docketing statement did not meet these obligations; and it provided guidance for what Defendant should include in any response she may wish to file. [CN 3-5] *See* Rule 12-208(D)(3), (5) NMRA; *State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483; *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268. Instead of responding to our notice by satisfying her obligations as the appellant, Defendant's memorandum in opposition contends "the record proper—not the docketing statement—controls appellate review." [MIO 1] This is inconsistent with our rules and case law. *See State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 (explaining that the docketing statement is intended to serve as a fair substitute for the complete record on the summary calendar); *Chamberlain*, 1989-NMCA-082, ¶ 11 (stating that where an appellant fails in the obligation under Rule 12-208 to provide us with a summary of all the facts material to consideration of the issue raised on appeal, we cannot grant relief on the ground asserted). Although it is not our obligation to comb the record to find evidence to support Defendant's contentions, we have reviewed the limited record proper before us and do not see where Defendant introduced evidence to support her theories and defenses. *See Muse v. Muse*, 2009-NMCA-003, ¶ 42, 145 N.M. 451, 200 P.3d 104 ("We are not obligated to search the record on a party's behalf to locate support for propositions a party advances or representations of counsel as to what occurred in the proceedings."); *In re Estate of Heeter*, 1992-NMCA-032, ¶ 15, 113 N.M. 691, 831 P.2d 990 ("This [C]ourt will not search the record to find evidence to support an appellant's claims."). As a result, it was crucial for Defendant to specifically describe any evidence she may have presented, how she presented it, how Plaintiff responded to it, and how she demonstrated district court error. Defendant did not satisfy these obligations, and the record before us does not support her claims of a factual dispute or an ambiguity in the contract. Thus, we are not persuaded Defendant has demonstrated that the district court erred by granting summary judgment.

**{6}** For the reasons stated above, and in our notice, we affirm.

**{7}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**