IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date:  **MARCH 4, 2015**

**NO. 33,263**

**DEUTSCHE BANK NATIONAL TRUST COMPANY**
**AS TRUSTEE OF THE RESIDENTIAL ASSET**
**SECURITIZATION TRUST 2006-A9CB, MORTGAGE**
**PASS-THROUGH CERTIFICATES, SERIES 2006-I**
**UNDER THE POOLING AND SERVICING**
**AGREEMENT DATED JULY 1, 2006,**

    Plaintiff-Appellee,

v.

**RICHARD MACLAURIN and KRISTIN LUNDGREN,**

    Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Johnson Law Firm, LC
Thomas L. Johnson
Andrew L. Johnson
Albuquerque, NM

for Appellee

Garner Law Firm
N. Ana Garner
Santa Fe, NM

for Appellants

**OPINION**

**FRY, Judge.**

{1}     Defendants (Borrowers) appeal the district court's order granting Deutsche Bank National Trust Company's motion for summary judgment in a foreclosure action. Borrowers argue that Deutsche Bank did not validly hold their note and mortgage prior to initiating foreclosure proceedings and therefore did not have standing to foreclose on their property. Specifically, Borrowers argue that the mortgage was transferred to Deutsche Bank in violation of a pooling and servicing agreement (PSA) governing the trust and that the transfer was therefore void. Because Borrowers were neither parties to nor third-party beneficiaries of the PSA, we conclude that they cannot challenge alleged violations of the PSA, and we affirm the district court.

**BACKGROUND**

{2}     In 2006, Borrowers executed a promissory note in the amount of $250,000. The note was secured by a mortgage covering Borrowers' property. The note was initially made payable to Plaza Home Mortgage. The note was then indorsed to IndyMac Bank F.S.B., which then indorsed the note in blank. The mortgage was assigned to Deutsche Bank on September 13, 2010. Borrowers defaulted on the note, and Deutsche Bank initiated foreclosure proceedings on September 27, 2010. Deutsche

Bank subsequently moved for summary judgment. In its statement of undisputed material facts, Deutsche Bank stated that it was the holder of the note and mortgage and was therefore the party entitled to foreclose on Borrowers' property.

{3} In response to the motion for summary judgment, Borrowers attached an affidavit by Patrick Williams, offered as an expert in the mortgage banking industry. Williams stated that based on his review of the relevant documents, the trust that the mortgage was assigned to prior to the foreclosure proceedings closed in July 2006. Because the trust closed in 2006 and the assignment of mortgage to the trust occurred in 2010, Williams concluded that the trustee—Deutsche Bank—no longer had authority to accept loan collateral and that the assignment of mortgage was therefore likely in violation of the PSA. Borrowers did not attach a copy of the PSA to their motion or otherwise make it a part of the record.[1]

{4} The district court concluded that the undisputed material facts established that Deutsche Bank was the holder of the note and had standing to foreclose. The district court further concluded that any alleged violations of the PSA were immaterial because Borrowers were precluded from challenging Deutsche Bank's compliance

[1]Williams did provide a link to a pooling and servicing agreement posted on the U.S. Securities and Exchange Commission website. At the time of this Opinion, the file supposedly existing at the link provided was unavailable.

or lack of compliance with the PSA. Accordingly, the district court granted summary judgment. Borrowers appeal.

**DISCUSSION**

**Standard of Review**

{5}     The appellate courts "review[ ] de novo an order granting or denying summary judgment." *United Nuclear Corp. v. Allstate Ins. Co.*, 2012-NMSC-032, ¶ 9, 285 P.3d 644. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971 (internal quotation marks and citation omitted). "On review, [the appellate courts] examine the whole record for any evidence that places a genuine issue of material fact in dispute, and we view the facts in a light most favorable to the party opposing the motion and draw all reasonable inferences in support of a trial on the merits[.]" *Handmaker v. Henney*, 1999-NMSC-043, ¶ 18, 128 N.M. 328, 992 P.2d 879 (internal quotation marks and citation omitted). "The burden rests on the party moving for summary judgment to establish that no genuine issue of material fact exists for trial and that the movant is entitled to judgment as a matter of law." *C & H Constr. & Paving Co. v. Citizens Bank*, 1979-NMCA-077, ¶ 9, 93 N.M. 150, 597 P.2d 1190.

**Deutsche Bank Was the Proper Party to Foreclose**

{6}     Borrowers argue that Deutsche Bank did not have standing to foreclose on their property because the assignment of mortgage was dated four years after the closing date of the Deutsche Bank trust, and a transfer of assets into the trust after the closing date of the trust violated the trust's PSA. Borrowers further argue that the trust was prohibited from accepting non-performing loans, such as Borrowers' loan at the time it was assigned to Deutsche Bank. Borrowers argue that transfers that violate the terms of the PSA are void and, therefore, under our Supreme Court's recent decision in *Bank of New York v. Romero*, 2014-NMSC-007, 320 P.3d 1, Deutsche Bank does not have standing to enforce a note and mortgage that it never validly held.

{7}     As an initial matter, Borrowers' argument differs from the issue presented in *Romero.* In relevant part, the Court in *Romero* held that the bank did not have standing to foreclose because the note in the bank's possession contained two undated indorsements, one in blank and one that specifically indorsed the note to a different entity. *Id.* ¶ 26; *see also id.* ¶ 21 (stating that in the context of third-party enforcement of a note, possession of the negotiable instrument does not necessarily make that party a "holder" with rights of enforcement). The Court concluded that the specific indorsement controlled, and the bank could not rely on the blank indorsement, together with its possession of the note, to establish standing. *Id.* ¶ 26.

4

{8} That is not the situation in this case. It was undisputed below that Deutsche Bank was the holder, at least in terms of the issue presented in *Romero*, because it possessed the note indorsed in blank. *Id.* ¶ 26 ("[W]e agree with the [b]ank that if the Romeros' note contained only a blank indorsement from Equity One, that blank indorsement would have established the [b]ank as a holder because the [b]ank would have been in possession of bearer paper[.]"). Instead, the issue here is whether a defendant in a foreclosure action can challenge alleged violations of a PSA—an agreement it is neither a party to nor a third-party beneficiary of—in order to establish that the lending institution is not a valid holder of the loan documents and thus is not the proper party to foreclose.

{9} As the district court concluded, the great weight of authority holds that a mortgagor who is not a party to or a third-party beneficiary of the agreement governing the trust is not the proper party to challenge such alleged violations. *See In re Walker*, 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012) ("[I]t appears that a judicial consensus has developed holding that a borrower lacks standing to . . . request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third[-]party beneficiary of the securitization agreement, *i.e.*, the PSA."); *Bank of Am. Nat'l Ass'n v. Bassman FBT, L.L.C.*, 981 N.E.2d 1, 7 (Ill. App. Ct. 2012) (collecting

5

cases holding that "the rule that a third[-]party typically lacks standing to challenge . . . an assignment [that violates a PSA] is widely accepted"); *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013) (holding that the plaintiffs could not challenge alleged violations of a PSA in a mortgage foreclosure action because they were not a party to the PSA and therefore had "no right to enforce its terms"); *In re Correia*, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (holding that mortgagors could not challenge mortgage assignment based on non-compliance with the PSA because they were not parties or third-party beneficiaries of the PSA's terms).

{10}     Borrowers, however, base their argument on an exception that allows a mortgagor to challenge an assignment when the assignment is void as a matter of law, not merely voidable. *See Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 291 (1st Cir. 2013) (holding that a "mortgagor has standing to challenge a mortgage assignment as invalid, ineffective, or void (if, say, the assignor had nothing to assign or had no authority to make an assignment to a particular assignee)" but cannot "challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title"). Borrowers cite two cases they argue establish that assignments in contravention of a PSA are void: *Wells Fargo Bank, N.A. v. Erobobo*, No. 31648/2009, 2013 WL 1831799 (N.Y.Sup.Ct. Apr.

29, 2013) (unreported decision), and *Glaski v. Bank of Am., N.A.*, 160 Cal. Rptr. 3d 449 (Ct. App. 2013). The court in *Erobobo* held that the transfer of loan documents into a trust in violation of the trust's PSA voided the assignment and created material issues of fact as to whether the plaintiff was the proper party to foreclose. *Erobobo*, 2013 WL 1831799, at *7-9. In reaching its holding, the *Erobobo* court strictly construed a New York state statute as voiding "every sale, conveyance[,] or other act of the trustee in contravention of the trust." *Id.* at *8 (citing Est. Powers & Trusts § 7-2.4). In reliance on *Erobobo* and its interpretation of New York trust law, the court in *Glaski* similarly concluded that an assignment in violation of the trust's PSA was void and that the mortgagor therefore had standing to challenge the validity of the assignment. 160 Cal. Rptr. 3d at 463-64. The court held that because the transfer was void, the borrower had standing to challenge it regardless of whether he was a party or third-party beneficiary to any of the agreements. *Id.* at 452 ("Transfers that violate the terms of the trust instrument are void under New York trust law, and borrowers have standing to challenge void assignments of their loans even though they are not a party to, or a third[-]party beneficiary of, the assignment agreement.").

{11}    However, *Erobobo* and *Glaski* appear to be anomalies in the body of case law analyzing this issue, and they have been roundly criticized for their interpretation of New York trust law. *See Rajamin v. Deutsche Bank Nat'l Trust. Co.*, 757 F.3d 79, 90

7

(2d Cir. 2014) ("[W]e are not aware of any New York appellate decision that has endorsed [*Erobobo*'s] interpretation of Est. Powers & Trusts § 7-2.4. And most courts in other jurisdictions discussing that section have interpreted New York law to mean that a transfer into a trust that violates the terms of a PSA is voidable rather than void[.]" (internal quotation marks and citation omitted)); *Espey v. Nationstar Mortg., LLC*, Civ. No. 13-2979 ADM/JSM, 2014 WL 2818657, at *8 (D. Minn. June 19, 2014) ("[T]he majority of courts that have examined *Erobobo* have criticized the decision and held that under New York law, an assignment of a mortgage into a trust in violation of the terms of the PSA is voidable, and not void, as the action can be ratified by the beneficiaries."); *Tran v. Bank of N.Y.*, No. 13 Civ. 580, 2014 WL 1225575, *4-5 (S.D.N.Y. Mar. 24, 2014) (stating that *Erobobo* and *Glaski* "run counter to better-reasoned cases, which apply the rule that a beneficiary can ratify a trustee's *ultra vires* act"); *Davis v. Countrywide Home Loans, Inc.*, 1 F. Supp. 3d 638, 644 (S.D. Tex. 2014) ("Although [Est. Powers & Trusts § 7-2.4] uses the term 'void', courts applying the law have treated improper transfers as subject to ratification and therefore voidable[.]"). Given these authorities, we decline to adopt *Erobobo*'s and *Glaski*'s conclusion that transfers in violation of a PSA void the transfer and give rise to permissible challenges by mortgagors.

{12} Nevertheless, Borrowers argue that because the PSA in this case was formed under New York law, the *Erobobo* decision is binding authority. We are unpersuaded for two reasons. First, the only factual support in the record for Borrowers' argument is Borrowers' own assertion. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 (stating that "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure"). The PSA was not made part of the record, and the internet link provided in Williams' affidavit falls short of the requirements of Rule 1-056(E) NMRA that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Second, Borrowers' argument that *Erobobo* is controlling New York law is not accurate. *Erobobo* is an unpublished supreme court decision (equivalent, in many respects, to a New Mexico state district court). However, a recent memorandum decision by the supreme court appellate division (New York's intermediate appellate court) concluded that the mortgagors "did not have standing to assert noncompliance with the subject lender's pooling service agreement." *Bank of N.Y. Mellon v. Gales*, 982 N.Y.S.2d 911, 912 (N.Y. App. Div. 2014). *Gales* does not engage in a lengthy analysis of this issue, but it cannot be said, as Borrowers contend, that *Erobobo* represents the last word on this point in New York law.

9

{13}    In conclusion, given the judicial consensus regarding a mortgagor's lack of authority to challenge the transfer of loan documents that allegedly violate a PSA, we hold that Borrowers failed to raise a genuine issue of material fact as to whether Deutsche Bank was the proper party to foreclose.

**CONCLUSION**

{14}    For the foregoing reasons, we affirm the district court.

{15}    **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**

10