This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40979**

**BRYCE FRANKLIN,**

Plaintiff-Appellant,

v.

**THE GEO GROUP, NEW MEXICO DEPARTMENT OF CORRECTIONS, and KEVIN L. NAULT,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

Bryce Franklin
Las Cruces, NM

Pro Se Appellant

YLAW, P.C.
Michael S. Jahner
Albuquerque, NM

for Appellee The Geo Group

Ortiz & Zamora, Attorneys at Law, LLC
Tony F. Ortiz
Eugene (Geno) I. Zamora
Jessica R. Tarrazas
Michael R. Jones
Santa Fe, NM

for Appellees New Mexico Department of Corrections
and Kevin L. Nault

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Plaintiff Bryce Franklin, who is self-represented, appeals from a district court order granting the motion for summary judgment in favor of Defendants New Mexico Corrections Department and Kevin Nault (collectively, State Defendants). We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

**{2}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.*

**{3}** Here, Plaintiff's Inspection of Public Records Act complaint sought documents from State Defendants related to contracts involving the Lea County Corrections Facility. [RP 1] State Defendants' amended cross-motion for summary judgment indicated that the requisite statutory provisions were complied with, and all materials in the New Mexico Corrections Department's custody had been made available to Plaintiff. [RP 146] Attached to the summary judgment motion were affidavits and documents that supported the State Defendants' assertion of compliance. [RP 151-61] This was a sufficient showing for summary judgment. *See Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 ("The movant need only make a prima facie showing that he is entitled to summary judgment.").

**{4}** Plaintiff responded by arguing that one of the affidavits was made in bad faith, and that some of the materials were not available in the library. [RP 179, 188] Plaintiff's response was not supported by any evidence tending to establish that documents actually in the custody of the New Mexico Corrections Department were being withheld. Stated differently, Plaintiff's affidavit makes no showing that he has personal knowledge that contradicts the Department's affidavit [RP 188] and as a result, his unsupported assertions are insufficient to create a genuine issue of material fact on the central issue: whether State Defendants' complied with relevant statutory provisions by producing all materials in the New Mexico Corrections Department's custody. *See generally Deutsche Bank Nat'l Tr. Co. v. MacLaurin*, 2015-NMCA-061, ¶ 12, 350 P.3d 1201 (rejecting an argument advanced on appeal in opposition to an award of summary judgment, where the only factual support in the record was the defendants' own assertion).

**{5}** In Plaintiff's memorandum in opposition, he breaks his argument into three points, which may be consolidated into two general points. First, he claims that dismissal of the State Defendants was improper because the State attempted to pass on disclosure duties to Geo Corp. However, regardless of whatever role Geo played in this matter, the State Defendants submitted an affidavit of the Correction Department's designated records custodian for this case. [RP 153] She stated under oath that she

was tasked with ensuring compliance with IPRA, and that she had turned over all requested documents that were in the State's possession. [RP 153-154] Finally, Plaintiff's remaining argument is that the State Defendants failed to establish a prima facie showing that they were entitled to summary judgment. Plaintiff characterizes the affidavits in support of summary judgment as vague and inadmissible. We disagree. Our review of the State Defendants' undisputed affidavits support the grant of summary judgment in this case. Although Plaintiff claimed that some of the requested materials were not available in the library at the time he went to review them, this does not dispute the State Defendants' affidavit that all materials in the State's possession had been turned over. A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 1986-NMSC-084, ¶ 13, 105 N.M. 52, 728 P.2d 462.

{6}     For the reasons set forth above, we affirm.

{7}     **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**