This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40980

**BRYCE FRANKLIN,**

Plaintiff-Appellant,

v.

**THE GEO GROUP, NEW MEXICO DEPARTMENT OF CORRECTIONS, and KEVIN NAULT,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

Bryce Franklin
Santa Fe, NM

Pro Se Appellant

Ortiz & Zamora, Attorneys at Law, LLC
Jessica R. Terrazas
Michael R. Jones
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiff Bryce Franklin, who is self-represented, appeals from a district court order granting the motion for summary judgment in favor of Defendant Geo Group. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

**{2}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.*

**{3}** Here, Plaintiff's Inspection of Public Records Act (IPRA) complaint sought documents from Defendants New Mexico Department of Corrections and Kevin Nault (collectively, State Defendants) and Defendant Geo Group related to contracts involving the Lea County Corrections Facility. [RP 1]

**{4}** This Court previously affirmed summary judgment in favor of the State Defendants. *See Franklin*, A-1-CA-40979, mem. op. ¶ 6. In our memorandum opinion, we observed that the State Defendants in their amended cross-motion for summary judgment indicated that the requisite statutory provisions were complied with, and the materials had been made available to Plaintiff. [40979 RP 146] Attached to the summary judgment motion were affidavits and documents that supported the State Defendants' assertion of compliance. [40979 RP 151-61] We concluded that this was a sufficient showing for summary judgment. *See Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 ("The movant need only make a prima facie showing that he is entitled to summary judgment.").

**{5}** Plaintiff responded to that motion for summary judgment by arguing that one of the affidavits was made in bad faith, and that some of the materials were not available in the library. [RP 179, 188] Plaintiff's response was unsupported by anything apart from Plaintiff's own assertions. Plaintiff did not establish that he had personal knowledge that was sufficient to create a material fact dispute on the issue of whether the State Defendants had made available all requested materials in their possession. We therefore concluded this was insufficient to create a genuine issue of material fact for purposes of avoiding summary judgment. *See generally Deutsche Bank Nat'l Tr. Co. v. MacLaurin*, 2015-NMCA-061, ¶ 12, 350 P.3d 1201 (rejecting an argument advanced on appeal in opposition to an award of summary judgment, where the only factual support in the record was the defendants' own assertion). Accordingly, we affirmed summary judgment in favor of State Defendants in *Franklin*, A-1-CA-40979, mem. op. ¶ 6.

**{6}** In this appeal, Geo's motion for summary judgment included an alternative argument that relied on the prior ruling of the district court, i.e. that it had been established that all requested documents had been made available to Plaintiff. [RP 270] The district court agreed. In light of the undisputed fact that the requested materials consisted of the operating agreements between the two parties, Plaintiff did not establish that Geo Group was in possession of materials separate from any that would be in the possession of State Defendants. [RP 1, 352] In other words, the requested documents were duplicative. Although Plaintiff asserts that error occurred, there is no indication that he was prejudiced. [DS 12-15] *See State v. Fairweathe*r, 1993-NMSC-065, ¶ 31, 116 N.M. 456, 863 P.2d 1077 ("The mere assertion of prejudice, without more, is insufficient to establish prejudicial error warranting reversal of a conviction.").

**{7}** Plaintiff's memorandum in opposition does not persuade us that our calendar notice was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). To the extent that Plaintiff is maintaining that there are separate contracts that only involve Geo Group and nonstate parties, the documents would be available to the State as part of its operating agreement with Geo Group. Plaintiff made this assertion against State Defendants in the underlying complaint. [RP 4] We conclude that Plaintiff did not defeat a prima facie showing for summary judgment.

**{8}** For the reasons set forth above, we affirm.

**{9}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**