2003-NMCA-037

63 P.3d 1152

Richard B. SAYLOR, Albert and Gloria Kolb, Sylvia Mock, Paul Tulenko, Val Peterson, Darlene Garrett, Dawn Gastaldo, Merrill B. Thomas, H. Ernestine Thomas, and Geltmore, Inc., Plaintiffs–Appellants,

v.

Joe VALLES, Richard Kirschner, personally and as Trustee of the Richard Kirschner Trust, Bob McCannon, Robert Pratt, West Bluff Neighborhood Association, a New Mexico Nonprofit Corporation, Grande Heights Neighborhood Association, a New Mexico Nonprofit Corporation, and West Area Residents For Aesthetic And Responsible Expansion Association, a New Mexico Nonprofit Corporation, Defendants–Appellees.

No. 22,027.

Court of Appeals of New Mexico.

Oct. 29, 2002.

Victor R. Marshall, L. Helen Bennett, Victor R. Marshall & Associates, P.C., Albuquerque, NM, for Appellants.

Stanley N. Hatch, Judd C. West, Hatch, Allen & Shepherd, P.A., Albuquerque, NM, for Appellee Joe Valles.

Michael H. Harbour, Shannon A. Parden, Madison, Harbour, Mroz & Brennan, P.A., Albuquerque, NM, for Appellee Richard Kirschner.

Steven M. Jakob, Jakob & Associates, P.C., Albuquerque, NM, for Appellee Bob McCannon.

Jane Gagne, Cooperating Attorney for the ACLU of New Mexico, Philip B. Davis, Co-Legal Director & Cooperating Attorney for the ACLU of New Mexico, Cooperating Attorneys of the New Mexico Civil Liberties Foundation, Albuquerque, NM, for Appellees West Bluff Neighborhood Assoc., Grande Heights Neighborhood Assoc., and West Area Residents for Aesthetic & Responsible Expansion.

Eric Scott Jeffries, Jeffries & Rugge, P.C., Albuquerque, NM, for Appellee Robert Platt.

Patricia A. Madrid, Attorney General, Elizabeth A. Glenn, Assistant Attorney General, Santa Fe, NM, Amicus Curiae.

## OPINION

CASTILLO, Judge.

{1} This case relates to efforts to develop a retail shopping center at I–40 and Coors Boulevard in Albuquerque. Plaintiffs supported the project and Defendants opposed it. After the Albuquerque City Council (Council) approved the development plan, Defendants filed an appeal with district court. Plaintiffs then filed a separate nine count complaint against Defendants. The district court granted Defendants' Rule 1–012(B)(6) NMRA 2002 motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiffs appeal the dismissal. We affirm.

## BACKGROUND

{2} Plaintiffs are ten individuals and one corporation, Geltmore, Inc. (Geltmore). Geltmore is the primary developer of the center. The ten individual Plaintiffs support the development. Richard B. Saylor owns the land that Geltmore will buy for the center. The individual Plaintiffs are either members of or have alleged that they are eligible for membership in one of the three neighborhood associations included as Defendants. We have previously addressed other aspects of this dispute in *West Bluff Neighborhood Ass'n v. City of Albuquerque*, 2002–NMCA–075, 132 N.M. 433, 50 P.3d 182.

{3} Defendants are four individuals (Individual Defendants) and three neighborhood associations. The neighborhood associations, West Bluff Neighborhood Association (West Bluff), Grande Heights Neighborhood Association (Grande Heights), and West Area Residents for Aesthetic and Responsible Expansion Association (WARFARE) (together referred to as Neighborhood Association Defendants) are incorporated under the Nonprofit Corporations Act (Nonprofit Act), NMSA 1978, §§ 53–8–1 to –99 (1975, as amended through 2001). Individual Defendants are alleged to be members and leaders of the three neighborhood associations.

{4} The factual allegations in the complaint are lengthy and complicated. Generally, Plaintiffs complain of Defendants' actions in opposing development of the center. As to West Bluff, Plaintiffs allege that it does not represent the majority opinion of its membership and that it systematically excluded from membership and discriminated against those who did not oppose the development project by failing to provide notification of meetings, failing to use a democratic decision making process, and refusing to allow members to inspect the association's records. As to the other two neighborhood associations, Grande Heights and WARFARE, Plaintiffs allege that both were incorporated after the Council's approval of the development project for the purpose of shielding the activities of Individual Defendants. The specific nine causes of action include: misuse and violation of the Nonprofit Act, §§ 53–8–1 to –99 (Count I); misuse and violation of the Albuquerque Neighborhood Association Recognition Ordinance (Neighborhood Assoc. Ordinance), Albuquerque Code §§ 14–8–2–1 to –7 (rev'd 1994)

(Count II); violation of the New Mexico Unfair Practices Act, NMSA 1978, §§ 57–12–1 to –22 (1967, as amended through 1999) (Count III); malicious abuse of process (Count IV); negligent misrepresentation (Count V); fraudulent misrepresentation (Count VI); fraud and false pretenses (Count VII); prima facie tort (Count VIII); and conspiracy (Count IX).

{5} Neighborhood Association Defendants filed a motion under Rule 1–012(B)(6) and were joined in the motion by Individual Defendants. The issue we address on appeal is whether the district court properly granted the motion as to each of the nine counts.

## STANDARD OF REVIEW

{6} A Rule 1–012(B)(6) motion to dismiss tests the legal sufficiency of the claim; that is, it tests "the law of the claim, not the facts that support it." *McCasland v. Prather,* 92 N.M. 192, 194, 585 P.2d 336, 338 (Ct.App.1978). For purposes of a motion to dismiss, we accept all well-pleaded facts as true and question whether the plaintiff might prevail under any state of facts provable under the claim. *New Mexico Life Ins. Guar. Ass'n v. Quinn & Co.,* 111 N.M. 750, 753, 809 P.2d 1278, 1281 (1991). A complaint should not be dismissed unless there is a total failure to allege some matter essential to the relief sought. *Las Luminarias of the N.M. Council of the Blind v. Isengard,* 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct.App. 1978) (*Las Luminarias*). In determining whether Plaintiffs' complaint sufficiently alleged the nine causes of action, we adhere to the broad purposes of the Rules of Civil Procedure and construe those rules liberally. *Id.*

## DISCUSSION

### Count I

{7} Count I concerns the Nonprofit Act, §§ 53–8–1 to –99, under which Plaintiffs allege that they have a private right to sue. Although Plaintiffs allege violations of the Nonprofit Act, they do not cite any authority in support of their assertion that they have standing.

{8} By statute, several states allow derivative actions by members of nonprofit corporations; however, New Mexico is not one of them. 1 William E. Knepper & Dan A. Bailey, *Liability of Corporate Officers and Directors* § 12–1(e), at 417 (6th ed.1998). In at least one case, the courts have allowed derivative actions even when the statutes are silent. *Id.* Whether members of a nonprofit corporation have standing to bring derivative actions is a question that we decline to answer in this case because Plaintiffs' pleadings are deficient in at least two respects. First, Plaintiffs fail to allege harm to the corporation. Derivative actions are suits brought where a corporation is harmed by alleged wrongdoing of its directors and/or officers. 2 Knepper & Bailey, *supra,* § 18–1(c), at 89. Second, there are no allegations that notice of such harm was given to the directors or officers or, if it was not given, why it was not. 1 Knepper & Bailey, *supra,* § 12–1(e), at 417 ("It is a necessary condition precedent to such an action that a demand be made upon the board of directors or that an adequate explanation of the futility of such a demand be provided."). Derivative actions, where allowed, can only be maintained by members of a nonprofit corporation. *Id.* Clearly, Geltmore is not a member of a Defendant neighborhood association. The status of the individual Plaintiffs is less clear, and Plaintiffs allege that at least some of them were prevented from becoming members. We need not reach the question of membership status because Plaintiffs' pleading fails to allege harm or notice. The district court properly dismissed Count I.

### Count II

{9} Count II concerns the Neighborhood Assoc. Ordinance which like the Nonprofit Act, contains no language creating a private right of action. *See* Neighborhood Assoc. Ordinance, Albuquerque Code §§ 14–8–2–1 to –7. The ordinance establishes a process for notifying the City of noncompliance with the prescribed bylaws. *See* § 14–8–2–4(F). Plaintiffs allege such noncompliance in their complaint. Plaintiffs do not, however, provide any indication that the City intended a remedy beyond that in Section 14–8–2–4(F).

{10} The Court may look beyond legislative intent and recognize a cause of

action not expressed in a statute if the state's public policy compels such a determination. *National Trust for Historic Pres. v. City of Albuquerque,* 117 N.M. 590, 593, 874 P.2d 798, 801 (Ct.App.1994) (*Nat'l Trust*). In *Nat'l Trust,* 117 N.M. at 594, 874 P.2d at 802, we pointed to the controlling New Mexico public policy expressed in *DeVargas Savings & Loan Ass'n v. Campbell,* 87 N.M. 469, 472, 535 P.2d 1320, 1323 (1975) that " '[i]t seems fundamental that a plaintiff has standing to protect himself against injury as a result of unlawful *governmental action.*' " (Emphasis added.) In both of these cases, the issue was who may bring an action "to require a public agency to comply with state law." *Id.* The controlling public policy conferred standing. *Id.*

{11} On appeal, Plaintiffs cite to *Nat'l Trust* but neglect to argue why public policy standing applies to them. In their response to the motion to dismiss, Plaintiffs appear to argue that, because they fall within the class of people designed to be protected by these statutes, public policy compels they be permitted a private remedy. Plaintiffs' argument is not persuasive. The public policy in *DeVargas* relates to standing when "government action" is taken. In this case, Plaintiffs are suing private persons or entities. Plaintiffs' argument fails. The public policy standing does not apply to this case. Because Plaintiffs lack standing, the district court was correct in dismissing this claim.

### Count III

{12} Plaintiffs allege that Defendants violated the Unfair Trade Practices Act, §§ 57–12–1 to –22 when they made false or misleading representations. The Act prohibits any "[u]nfair or deceptive trade practices ... in the conduct of any trade or commerce." § 57–12–3. An "[u]nfair or deceptive trade practice" is defined as:

> any false or misleading oral or written statement ... or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by any person in

the regular course of his trade or commerce.

§ 57–12–2(D).

■ {13} As Plaintiffs recognize in their complaint, Neighborhood Association Defendants are incorporated under the Nonprofit Act. Corporations may be organized under this Act for various purposes including charitable, benevolent, educational, and civic. § 53–8–4. The complaint does not allege that either the Neighborhood Association Defendants or the Individual Defendants sell, lease, rent or loan goods or services or are engaged in "trade" or "commerce" as defined in Section 57–12–2. Since Count III fails to allege sufficiently that the Unfair Trade Practices Act applies to Defendants, it was properly dismissed.

### Count IV

■ {14} Plaintiffs allege that Defendants engaged in malicious abuse of process when they filed an appeal of the Council's decision to approve Geltmore's development plan. Plaintiffs' complaint does not sufficiently allege the elements of the tort. The elements required are: "(1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages." *Devaney v. Thriftway Mktg. Corp.,* 1998–NMSC–001, ¶ 17, 124 N.M. 512, 953 P.2d 277. The tort must be construed narrowly "in order to protect the right of access to the courts." *Id.* ¶ 19.

{15} Plaintiffs do not meet the first element. Defendants' Rule 1–074 NMRA 2002 appeal to the district court was against the City of Albuquerque and named Geltmore as an interested party. Plaintiffs contend in their response to the Associations' Motion to Dismiss that an "interested party" under Rule 1–074 is a "formal party defendant." Plaintiffs make an identical statement in their appellate brief. Plaintiffs, however, fail to provide any cited authority for their contention.

{16} To present an issue on appeal for review, appellants must submit the argument and authority. Rule 12–213 NMRA 2002. When arguments in briefs do not include supporting authority, we assume that "counsel after diligent search, was unable to find any," and "[w]e ... will not do this research for counsel." *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). We will not review issues on appeal that are unsupported by authority in violation of appellate rules. *Id.* The lower court properly dismissed Count IV.

### Count V

{17} Principles of negligence govern the law of negligent misrepresentation, also referred to as "negligence by words." *Ruiz v. Garcia*, 115 N.M. 269, 274, 850 P.2d 972, 977 (1993). The offending party, therefore, must have breached a duty of disclosure owed to the injured party. *Id.* Specifically, to recover under the claim of negligent misrepresentation plaintiffs must show (1) that defendants made a material misrepresentation of fact to plaintiffs, (2) that plaintiffs relied upon such representation, (3) that defendants knew the representation was false at the time it was made or made it recklessly, and (4) that defendants intended to induce plaintiffs to rely on such representation. *Parker v. E.I. DuPont de Nemours & Co.*, 121 N.M. 120, 132, 909 P.2d 1, 13 (Ct.App.1995).

{18} Even when we construe the pleadings liberally, we conclude that the complaint fails to allege the elements of negligent misrepresentation. Allegations that Defendants owe any of the Plaintiffs a duty, an essential element of their claim, are absent in this count. We note that the Neighborhood Assoc. Ordinance does not impose such a duty on Defendants. *See* §§ 14–8–2–1 to –7.

{19} Directors of nonprofit corporations have a fiduciary duty to act in the best interests of the corporation. § 53–8–25.1 (Duties of Directors). Neighborhood Association Defendants are incorporated under the Nonprofit Act. Certain individual Plaintiffs are members of a Defendant Neighborhood Association. Five individual Plaintiffs are members of West Bluff Neighborhood Association. Another five individual Plaintiffs "are members or eligible for membership in the associations." However the complaint alleges that "two of the appellants were incorporated after the City Council decision was rendered." In addition, the complaint fails to allege that the Individual Defendants were directors or officers of the nonprofit corporations.

{20} Even if Defendants had a duty to Plaintiffs, the complaint does not allege that Plaintiffs relied on the misrepresentations at any point in time. The complaint makes several allegations that Defendants made false and misleading representations *"during the appeal."* Assuming these allegations to be true, they show that misrepresentations were made to the district court, not to Plaintiffs. Given the failure of the complaint to address sufficiently the duty and reliance elements of the claim, the district court properly dismissed Count V.

### Count VI

{21} A fraudulent misrepresentation claim, to be successful, requires that the injured party show that the other party (1) made a misrepresentation of fact intentionally or with reckless disregard for the truth, (2) with the intent to deceive and to induce the injured party to act upon it, (3) and upon which the injured party actually and detrimentally relies. UJI 13–1633 NMRA 2002; *Gouveia v. Citicorp Person–to–Person Fin. Ctr., Inc.*, 101 N.M. 572, 576, 686 P.2d 262, 266 (Ct.App.1984). The complaint includes allegations that false representations were made knowingly or with reckless disregard "with the intent to deceive and to induce Geltmore to rely" on them. However, the complaint is void of an allegation that Geltmore in fact and to its detriment relied upon Defendants' misrepresentations. Therefore, the district court was correct in dismissing Plaintiffs' claim of fraudulent misrepresentation.

### Count VII

{22} Plaintiffs repeat a claim of fraud but fail to plead reliance, an essential element of fraud. *See Gouveia*, 101 N.M. at

576, 686 P.2d at 266. False pretenses, which Plaintiffs include in this count, are fraudulent misrepresentations of existing facts. *State v. Tanner*, 22 N.M. 493, 495, 164 P. 821, 822 (1917). As stated above, fraudulent misrepresentation requires reliance. *Gouveia*, 101 N.M. at 576, 686 P.2d at 266. Circumstances constituting fraud must be stated with particularity. Rule 1–009 NMRA 2002. They are not in this case. Count VII was properly dismissed.

### Count VIII

 {23} The theory of a prima facie tort is that a party intending to cause injury to another should be liable if the conduct is culpable and unjustifiable. *Schmitz v. Smentowski*, 109 N.M. 386, 394, 785 P.2d 726, 734 (1990). The generally recognized elements of the tort are (1) an intentional and lawful act; (2) an intent to injure the plaintiff; (3) injury to the plaintiff as a result of the act; and (4) the absence of sufficient justification for the act. *Id.; Lexington Ins. Co. v. Rummel*, 1997–NMSC–043, ¶ 10, 123 N.M. 774, 945 P.2d 992. Our Supreme Court has emphasized that the tort is to be applied narrowly. *Lexington Ins. Co.*, 1997–NMSC–043, ¶¶ 11, 12, 123 N.M. 774, 945 P.2d 992. Plaintiffs bear a heavy burden of proving actual intent to injure, an intent that is quite distinct from an intent to commit an act that naturally and foreseeably results in injury. *Id.* ¶ 14.

{24} The lawful act complained of by Plaintiffs is Defendants' filing of an appeal to the district court from the Council's decision. The complaint is deficient, however, in allegations of intent to injure. In addition, there are insufficient facts plead to support the conclusory statement that Defendants lacked a justification for the appeal. Since the complaint neglects to plead essential elements of a prima facie tort, Count VIII was properly dismissed.

### Count IX

 {25} Count IX also fails for insufficient pleadings. To state an action for civil conspiracy, there must be allegations in the complaint of (1) the existence of a conspiracy; (2) wrongful act done pursuant to

the conspiracy; and (3) resulting damages. *Las Luminarias*, 92 N.M. at 300, 587 P.2d at 447. The existence of a conspiracy must be plead either by direct allegations or by allegations from which a conspiracy can be inferred. *Id.* Plaintiffs make conclusory statements of a conspiracy, but there are no facts from which we can directly or inferentially conclude that Defendants agreed to do wrongful acts. We concur with the district court that the complaint does not state a claim for relief as to civil conspiracy.

## CONCLUSION

{26} For the reasons stated above, we affirm the district court's grant of Defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

{27} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge and JAMES J. WECHSLER, Judge.