*NAVAJO HOUSING AUTHORITY*
Petitioner
*vs.*
*BLUFFVIEW RESIDENT MANAGEMENT CORP.*
Respondents

In the District Court of the Navajo Nation
Judicial District of Crownpoint, New Mexico

No. CP-CV-524-99

March 1, 2006

## ORDER

THIS MATTER came before the Court upon its own motion and after review of Respondents/ Counterclaimants' Submission Brief Regarding Remaining Claims of Action (hereinafter "Submission"). The Court, being informed in the premises, hereby FINDS:

Respondents' Submission informs the Court that they are dropping their cause of action for breach of the covenant of good faith and fair dealing but wish to go forward with a jury trial on the cause of action for negligent misrepresentation.

## CONCLUSION OF LAW

Negligent misrepresentation is an Anglo-law based tort action not yet recognized by the Navajo Nation Supreme Court (hereinafter "NNSC"). In 1988, the NNSC did, however, recognize the similar Anglo-based tort of <u>fraudulent</u> misrepresentation. *See, General Motors Acceptance Corp. v. Bitah*, 6 Nav. R. 45 (Nav. Sup. Ct. 1988). The *Bitah* Court adopted New Mexico's version of the tort of fraudulent misrepresentation giving no deference to *Diné bi beenahaz 'áanii* (Navajo Traditional, Customary, Natural or Common Law) before it looked to State law for guidance. Since *Bitah*, the choice of law provision in the Navajo Nation's Judicial Code has been amended to recognize the importance of utilizing *Diné bi beenahaz 'áanii* whenever Navajo Nation statutes are silent on matters in dispute before the Courts. *See,* 7 NNC § 204 (amended 2003). Much recent NNSC case law has also recognized the importance of deferring to *Diné bi beenahaz 'áanii*, even if this means doing so in contradiction to previous NNSC case law that failed to do so. Therefore, whether this Court will recognize the tort of negligent misrepresentation as the State of New Mexico defines it, the Court first looks to traditional Navajo legal concepts.

The elements of negligent misrepresentation, according to New Mexico law, are that 1) the defendant made a material misrepresentation of fact to the plaintiff, 2) the plaintiff relied upon it, 3) the defendants knew that the representation was false at the time it was made, or made it recklessly, and 4) that defendant intended to induce plaintiff to rely on such representation. *See, Saylor v. Valles*, 133 N.M. 432 (N.M. App. 2002).

Traditional Navajo law requires that people think carefully about what they say before they say it. This concept is referred to by the phrase *Diné Bizaad Diyin*, which literally translated means that the language of the Navajo people is sacred. "As a matter of Navajo tradition and custom, people speak with caution and respect, choosing their words carefully to avoid harm to others. This is nothing more than freedom with responsibility, a fundamental Navajo traditional principle." *Navajo Nation v. Crockett*, 7 Nav. R. 237, 240 (Nav. Sup. Ct. 1996). "Speech should be delivered with respect and honesty. This requirement arises from the concept of *k'é*, which is the 'glue' that creates and binds relationships between people." *Id.* at 241. In addition, the Navajo common law concept of *nályééh*, would require that upon a finding that one's misstatements harmed another, that the parties talk things out and make things right, which would include possible restitution to make the injured party whole. All of these traditional Navajo concepts seem to apply almost on point to the cause of negligent misrepresentation-making things right after the use harmful misstated language. Based on this analysis, this Court shall recognize the New Mexico common law tort of negligent misrepresentation pursuant to 7 NNC § 204(D), but makes clear that it does so because it comports with *Diné bi beenahaz 'áanii* as required by 7 NNC § 204(A).

The Court makes a further observation. The New Mexico courts have not spoken as to the appropriate damages to be awarded after a finding of negligent misrepresentation. The Restatement (Second) of Torts states that appropriate damages in this cause of action are "those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause including ... pecuniary loss suffered otherwise as a consequence of the plaintiffs reliance upon the misrepresentation." Restatement (Second) of Torts §552(B) (1997) (current through 2005). This also comports with the Navajo concept of *nályééh* of making things right between the parties.

The Court is still at a loss, however, to see how damages that occurred as a result of alleged negligent misrepresentation could not be proven up as consequential or special damages incurred as a result of the breach of contract determination that Respondents already have in their favor. Yet, it is not the Court's place to cut off a cause of action if Respondents insist on moving forward with it. Respondents should note, however, that pursuant to 7 NNC § 658(B), they will required to post a bond to cover the costs of a jury trial that they risk forfeiting should the court rule against them in the case for negligent misrepresentation.

Based on the foregoing, IT IS THEREFORE ORDERED that Respondents' cause of action for negligent misrepresentation shall be recognized by this Court.

IT IS FURTHER ORDERED that the Court clerk shall issue an order requiring that Respondents post a bond for a jury trial in an amount appropriately based on the proposed length of the pending trial.