This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-35989**

**KATHERINE HAN-NOGGLE, as daughter and next of kin to MARY Y.C. HAN, deceased, and ELIZABETH WALLBRO, as Personal Representative of the Estate of Mary Y.C. Han,**

Plaintiffs-Appellants,

v.

**THE CITY OF ALBUQUERQUE; DARREN WHITE, in his individual and official capacity as Public Safety Director for the City of Albuquerque; ROBERT PERRY, in his individual capacity and official capacity as the City Attorney; CHIEF RAYMOND D. SCHULTZ, in his individual and official capacity as the Chief of Police of the Albuquerque Police Department for municipal and supervisory claims; DEPUTY CHIEF PAUL FEIST, DEPUTY CHIEF ELIZABETH PAIZ, DEPUTY CHIEF ALLEN BANKS, in their individual and official capacities as supervisors and trainers within the Albuquerque Police Department; MARC ADAMS, in his individual and official capacity as manager, investigator, and trainer of the Albuquerque Police Department Crime Lab; FIELD INVESTIGATOR MICHAEL MUNIZ, in his individual and official capacity; OFFICER TRICIA K. HOFFMAN, in her individual and official capacity; and TODD J. WILHAM, Albuquerque Police Department**

**Public Information Officer in his
individual and official capacity; and JOHN
DOES 1-2,**

       Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Carl J. Butkus, District Judge**

Vega Lynn Law Offices, LLC
Rosario D. Vega Lynn
Albuquerque, NM

for Appellants

Garcia Law Group, LLC
Bryan C. Garcia
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**M. ZAMORA, Chief Judge.**

**{1}**     This case arises from the Albuquerque Police Department's (APD) alleged mishandling of the investigation into the death of Mary Y.C. Han (Decedent). Katherine Han-Noggle, the daughter of Ms. Han, and Elizabeth Wallbro, the sister and Personal Representative of the Estate of Ms. Han, (collectively, Plaintiffs) appeal the district court's dismissal of their claims brought, pursuant to the New Mexico Tort Claims Act (the TCA), Sections 41-4-1 to -30 (1976, as amended through 2019) against the City of Albuquerque and named Defendants in their official and individual capacities (collectively, Defendants). The district court entered an order: (1) dismissing the remaining Counts of Plaintiffs' third amended complaint for failure to state a claim under the TCA; and (2) denying Plaintiffs' motion for leave to further amend their complaint and file a proposed fourth amended complaint based on futility.

**{2}**     Having reviewed the complaint and the applicable law, we conclude that Plaintiffs' well-pleaded facts are insufficient to establish a waiver of the governmental immunity granted by Section 41-4-12. Because Defendants are immune from suit, under the facts of this case, Plaintiffs have not stated a claim upon which relief may be granted. We therefore affirm the district court's order.

**PROCEDURAL BACKGROUND**

**{3}**     Plaintiffs' third amended complaint alleged various federal causes of action and one state claim, pursuant to the TCA. Plaintiffs sought "compensatory damages . . . to include replacement value of the personal property taken from the scene" and "costs, expenses, and interest as allowed by law to include expert witness fees." They also sought "equitable relief including but not limited to (a) an order precluding Defendants from asserting any defenses which may have been disproved by the destruction or loss of evidence; and/or (b) an instruction to the jury that it may consider that the lost evidence would be unfavorable to the Defendants; or (c) an instruction that supervisory liability is proven as a matter of law"; and other relief the district court deems proper.

**{4}**     After a removal to and remand from federal district court,[1] Plaintiffs' sole remaining claim, invoking the TCA, is Count VI which asserts "negligent supervision and/or negligent investigation causing violation of property rights to wit, spoliation of evidence." The allegations are that despite the district court's order in a separate matter[2] and their request for preservation of documentary evidence, APD nonetheless failed to preserve the mobile phones of certain APD personnel that may contain potential evidence thereby spoliating potential evidence that could bear on Plaintiffs' legal claims and in doing so, inhibits Plaintiffs ability to prove their legal claims. "[T]he negligent supervision of, and negligent investigation by[] APD personnel at the scene caused the loss of certain physical evidence forever[.]"

**{5}**     Defendants moved to dismiss Count VI with prejudice on the basis that the TCA waiver of immunity did not extend to the spoliation claims. Plaintiffs disputed the scope of the waiver, and within their responsive pleading moved for leave to file the fourth amended complaint arguing that an amendment was necessary to clarify the state law claims in Count VI. Defendants opposed the amendment arguing that it too failed to state any claims for relief.

**{6}**     The proposed fourth amended complaint amends the parties to the lawsuit, adds factual allegations, and raises new legal claims. Plaintiff Wallbro is named as the sole Plaintiff and the City of Albuquerque ex rel. APD is the sole Defendant. Plaintiffs add allegations that the previously-named Defendants were acting in their capacities as officers and that APD is responsible for the actions and inactions of the individuals and employees under the doctrine of respondeat superior and/or agency.

**{7}**     Substantively, the proposed fourth amended complaint revises and adds new legal claims as follows. Counts I and II allege violation of property rights, spoliation of evidence, and theft or misappropriation of property. Count I also retains Plaintiffs' general request for sanctions against Defendants for spoliation of evidence. Counts III and IV allege interference with state and federal constitutional due process rights to access to the courts for tort litigation. Count V alleges that APD violated NMSA 1978, Section 29-1-1 (1979) requiring a diligent investigation of all crimes. The premise of the

---

[1]*See Han-Noggle v. City of Albuquerque, et al.*, No. CV13-894-CG/GBW, 2014 WL 12618193 (D.N.M. Aug. 5, 2014).
[2]The separate matter of *In re Mary Y.C. Han*, Second Judicial District Court Cause No. 2011-CV-09975 was consolidated with the underlying matter prior to the filing of this appeal.

proposed Fourth Amended Complaint is negligent supervision and/or a negligent investigation.

**The District Court Proceedings**

**{8}**     The district court dismissed with prejudice Count VI of the third amended complaint. Interpreting Count VI as one for intentional spoliation of evidence, the district court held that Section 41-4-12 does not waive immunity for intentional spoliation of evidence claims against law enforcement. Similarly, the district court denied Plaintiffs' motion for leave to amend and file the fourth amended complaint. The district court noted that the underlying factual scenario remained essentially the same; it was Plaintiffs' claims that fluctuated. Concluding that Count I was essentially the same as Count VI of the third amended complaint alleging spoliation, the district court held that Count I would be futile in light of no new facts having been alleged. With respect to Count II, the district court remarked that "[t]o the extent [Plaintiffs] may be attempting to state a separate claim for 'theft or misappropriation of personal property,' such an amendment would also be futile." The district court held that Counts II, III, IV, and V allege property damage resulting from the misconduct, but Plaintiffs' failure to assert "physical damage" to property further supported futility of the amendment. Plaintiffs appeal.

**{9}**     Because this is a memorandum opinion and the parties are familiar with the factual background, we reserve discussion of Plaintiffs' factual allegations for our analysis.

**STANDARDS OF REVIEW**

**Motion to Dismiss**

**{10}**   A district court's decision to dismiss a case for failure to state a claim under Rule 1-012(B)(6) NMRA is reviewed de novo. *Thompson v. City of Albuquerque*, 2017-NMCA-002, ¶ 5, 386 P.3d 1015, *cert granted*, 2017-NMSC-021, 397 P.3d 1279. "[W]e accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Valdez v. State*, 2002-NMSC-028, ¶¶ 4, 9, 132 N.M. 667, 54 P.3d 71. "Dismissal of a claim under this [R]ule [1-012(B)(6)] is only proper if the plaintiffs are not legally entitled to relief under any set of provable facts." *Thompson*, 2017-NMCA-002, ¶ 5 (alteration, internal quotation marks, and citation omitted). The purpose of a motion to dismiss is to test the legal sufficiency of the claim, not the facts that support it. *Saylor v. Valles*, 2003-NMCA-037, ¶ 6, 133 N.M. 432, 63 P.3d 1152. Only when "there is a total failure to allege some matter essential to the relief sought" should a motion to dismiss for failure to state a claim be granted. *Id.* This Court must also consider whether the complaint includes factual allegations sufficient to raise a claim for relief. *See* Rule 1-008(A)(2) NMRA (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

**{11}** New Mexico is a notice pleading state, *Zamora v. St. Vincent Hospital*, 2014-NMSC-035, ¶ 10, 335 P.3d 1243, that "generally benefits plaintiffs in civil litigation." *Milliron v. Cty. of San Juan*, 2016-NMCA-096, ¶ 5, 384 P.3d 1089. However, Rule 1-012(B)(6) requires "application of the facts pleaded in the complaint to the applicable law." *Id.* "[A]ll doubts must [be] resolved in favor of sufficiency of the complaint." *R.A. Peck, Inc. v. Liberty Federal Sav. Bank*, 1988-NMCA-111, ¶ 4, 108 N.M. 84, 766 P.2d 928.

## Motion to Amend

**{12}** "A district court's denial of a motion to amend is reviewed under an abuse of discretion standard." *Alliance Health of Santa Teresa, Inc. v. Nat'l Presto Indus., Inc.*, 2007-NMCA-157, ¶ 26, 143 N.M. 133, 173 P.3d 55. "An abuse of discretion occurs when the district court exceeds the bounds of reason, all the circumstances before it being considered." *Id.* (internal quotation marks and citation omitted). Leave to amend a complaint "shall be freely given when justice requires." Rule 1-015(A) NMRA. An amendment is futile if the pleading as amended, would be subject to dismissal. *See, e.g.*, *Stinson v. Berry*, 1997-NMCA-076, ¶ 9, 123 N.M. 482, 943 P.2d 129; *id.* ¶ 11 ("Consequently, in light of the fact that [the p]laintiffs' amended complaint could not withstand a motion to dismiss, the amendment would have been futile. We thus hold that the [district] court did not abuse its discretion in refusing to allow the amendment.").

## Governmental Immunity

**{13}** Whether governmental immunity under the TCA bars Plaintiffs' claims is a question of law which we review de novo. *Godwin v. Mem'l Med. Ctr.*, 2001-NMCA-033, ¶ 23, 130 N.M. 434, 25 P.3d 373.

## DISCUSSION

**{14}** The viability of Plaintiffs' claims rest on whether sovereign immunity has been waived, pursuant to Section 41-4-12. We begin with a general overview of the immunity waiver under state law.

## I.     The New Mexico TCA

**{15}** The doctrine of sovereign immunity bars suit against the state unless immunity has been waived. *See* Sections 41-4-1 to -30. "The potential tort liability of governmental entities and public employees is limited by the [TCA]." *Archibeque v. Moya*, 1993-NMSC-079, ¶ 5, 116 N.M. 616, 866 P.2d 344. "[T]he [TCA] shields governmental entities and public employees from tort liability unless immunity is specifically waived by the [TCA]." *Id.*; *see* § 41-4-4(A). "[T]he [TCA] waives immunity for negligent training and supervision by a law enforcement officer that causes the commission by a subordinate law enforcement officer of a tort listed in Section 41-4-12." *McDermitt v. Corr. Corp. of Am.*, 1991-NMCA-034, ¶ 7, 112 N.M. 247, 814 P.2d 115. It is "well-established that the mere negligence of a law enforcement officer is insufficient

to waive the tort immunity granted by Section 41-4-4(A) unless such negligence results in one of the torts enumerated in Section 41-4-12 or a deprivation of a statutory right." *Milliron*, 2016-NMCA-096, ¶ 10.

**{16}** Plaintiffs' claims arise out of Section 41-4-12, which provides in part:

> [L]iability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

In order to state a tort claim under Section 41-4-12, a plaintiff must allege that (1) they have suffered a type of injury set forth in the section, i.e., personal injury, bodily injury, wrongful death, or property damage, and (2) that the injury arose out of a tort enumerated in this section or a deprivation of a right secured by law. *See Thompson*, 2017-NMSC-021, ¶¶ 8-9 (stating that "[t]he plain language of Section 41-4-12 first presents the types of injury for which a law enforcement officer's immunity may be waived" and then "delineates the torts for which a law enforcement officer's immunity may be waived").

## II. The District Court Properly Dismissed Count VI of Plaintiffs' Third Amended Complaint

**{17}** The difficulty with Plaintiffs' third amended complaint is Plaintiffs' fluctuation between conflicting theories—a theory of negligence and one of intentional tort—within the same pleading, within their argument before the district court, and on appeal. In Count VI, Plaintiffs allege the negligent supervision and/or negligent investigation by Defendants caused the negligent loss of certain physical evidence. They also allege that by negligently spoliating potential evidence, Defendants "intentionally disrupted or defeated Plaintiffs' legal claims" or "inhibit[ed] Plaintiffs' ability to prove their legal claims." Before the district court, Plaintiffs argued intentional spoliation of evidence and failure to implement proper procedures to prevent spoliation. The district court concluded that Plaintiffs' claim was intentional spoliation but acknowledged Plaintiffs' negligent supervision and negligent investigation claims.

**{18}** On appeal, Plaintiffs argue in their brief in chief that Defendants willfully failed to properly and competently investigate and deliberately interfered with the death investigation. Yet, in their reply brief, Plaintiffs assert four claims sounding in negligence: "omissions and commissions at [the] unattended death scene"; "irregularities at the death scene" by Defendants clouded Plaintiffs' ability to determine if a crime was committed; "Defendants failed to implement proper procedures to prevent spoliation and to prevent additional loss of evidence"; and, Defendants "deviat[ed] from standard law enforcement procedure to preserve evidence."

**{19}** With all this in mind, our standard of review necessitates that Plaintiffs state a claim *in their complaint* for which relief could be granted. *See Walsh v. Montes*, 2017-NMCA-015, ¶ 6, 388 P.3d 262 ("A motion to dismiss for failure to state claim tests the legal sufficiency of the *complaint*[.]" (emphasis added) (internal quotation marks and citation omitted)).

**The TCA Does Not Provide a Waiver of Immunity for Plaintiffs' Claims of Negligent Supervision, Negligent Investigation, or Spoliation of Evidence.**

**{20}** Any negligence in the performance of a law enforcement officer's duty must cause a specified tort or violation of right for waiver of immunity. *See Bober v. N.M. State Fair*, 1991-NMSC-031, ¶ 32, 111 N.M. 644, 808 P.2d 614 (stating that appellate courts have "held that a law enforcement officer or agency may be held liable under Section 41-4-12 for negligently causing infliction of one of the predicate torts[;]" however, "no case has held that simple negligence in the performance of a law enforcement officer's duty amounts to commission of one of the torts listed in . . . [S]ection [41-4-12]").

**{21}** New Mexico has recognized a cause of action for intentional spoliation of evidence, but it has not recognized a cause of action for negligent spoliation of evidence as a separate tort. *Coleman v. Eddy Potash, Inc.*, 1995-NMSC-063, ¶¶ 12, 16, 120 N.M. 645, 905 P.2d 185, *overruled on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148. In *Caillouette v. Hercules, Inc.*, 1992-NMCA-008, ¶ 18, 113 N.M. 492, 827 P.2d 1306, this Court emphasized any negligent training or supervision of subordinates by law enforcement officers must cause a tort specified in Section 41-4-12 or a violation of a right, otherwise immunity is not waived for negligence alone. *See Thompson*, 2017-NMCA-002, ¶ 10 ("Immunity is also waived for negligent training and supervision by a law enforcement officer that causes the commission by a subordinate law enforcement officer of a tort listed in Section 41-4-12." (alterations, internal quotation marks, and citation omitted)). Plaintiffs have failed to direct us to any authority supporting a claim that any alleged negligent or intentional spoliation of evidence falls within one of the enumerated torts within Section 41-4-12.

**{22}** Plaintiffs contend that they clarified their claims to the district court when they asserted that their claims were not for spoliation but rather for "failure to implement proper procedures to prevent spoliation." Plaintiffs' reliance on *Abalos v. Bernalillo County District Attorney's Office*, 1987-NMCA-026, 105 N.M. 554, 734 P.2d 794 in support of that clarified claim is misplaced. In *Abalos*, the issue before this Court was whether the director of a county detention center fell within the definition of a law enforcement officer not whether there was a waiver of immunity. *Id.* ¶¶ 26-29; *see* Section 41-4-3(D) (defining a law enforcement officer as any "full-time salaried public employee of a governmental entity, whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes, or members of the national guard when called to active duty by the governor"). This Court held that the director fell within the definition of a law

enforcement officer, and simply noted that the allegations of failing to "formulate and implement procedures to prevent the mistaken release of violent criminals[,] . . . if proven, [were] sufficient to establish [a] breach of duty" and therefore the director would be liable under the TCA. *Id.* ¶ 29.

**{23}** Because immunity has not been waived as provided by Section 41-4-12, we conclude that Count VI of Plaintiffs' third amended complaint failed to state a claim upon which relief can be granted. Accordingly, we affirm the district court's order dismissing Plaintiff's third amended complaint.

### III. The District Court Did Not Abuse Its Discretion in Denying Plaintiffs' Proposed Fourth Amended Complaint

**{24}** Plaintiffs argue generally that "[m]otions to amend the complaint should be freely granted" and the amended complaint was not futile because it "set[] forth the state[d] claims in more detail." Defendant argues that the claims are clearly futile because spoliation of evidence claims have not been waived by the TCA; and claims for injury to a property right do not fit within the meaning of "property damage" in the TCA.

### Count I

**{25}** Plaintiffs' Count I in the proposed fourth amended complaint is practically identical[3] to Count VI in their third amended complaint. Because we have already concluded that Count VI failed to state a claim upon which relief could be granted, we extend that conclusion to Count I in the proposed fourth amended complaint.

### Count II

**{26}** Plaintiffs allege that the negligent supervision and/or investigation caused a violation of property rights. The title of this count includes that the property was either stolen or misappropriated. The substance of the count alleges: "[APD] must have systems in place [to] protect . . . personal belongings"; while APD was at the scene, Decedent's "personal diamond rings were missing;" APD's failure to protect Decedent's personal property was the proximate cause of the loss of the rings; "[t]he negligent supervision of, and negligent investigation by APD . . . caused the loss of the rings"; and "[a]s a direct and proximate result of APD's reckless deliberate and negligent acts or omissions, [Decedent's] personal property is lost." Plaintiffs' request for prayer seeks the "replacement value of the personal property taken from the scene." At the motions hearing, the district court specifically asked Plaintiffs' counsel "what exactly do you contend was the property damage" to which counsel replied, "the loss of the rings."

---

3Defendants Perry, Adams and Wilham were not included in the list of personnel who were at Decedent's home; July 31, 2012 and August 23, 2012, was added to the list of Judge Nash's verbal orders and Defendant Adams was excluded from the list of APD personnel; the mobile phone of Defendant Adams was excluded and the language "negligence has contaminated, spoiled, or lost potential evidence" was added; and, the word "proximately" was added to the allegation.

**{27}** The district court concluded that the only available claim of liability pursuant to Section 41-4-12, would be for property damage. The district court concluded that the TCA in general and Section 41-4-12, in particular, required physical damage to property in order for Plaintiffs to recover damages. Plaintiffs' allegation for loss of property was insufficient to qualify as property damage.

**{28}** Here, Plaintiffs argue that they did not have to allege physical damage to prove property damage because they have alleged separate violations of protected constitutional rights: "crime victims['] protections and a property interest in the body." This argument appears to conflate the injury and the conduct for which the City may be held liable.

**{29}** In order to be successful in their claim for property loss, Plaintiffs are required to make a connection between APD's alleged negligence and the missing rings, beyond the allegations that APD were present and the rings were missing, therefore Defendants were negligent. Assuming without deciding that APD was negligent, Plaintiffs are still required to show how immunity was waived for Defendants' actions. Plaintiffs fail to allege factual allegations explaining the causal connection between the missing rings and Defendant's actions. While they allege that it was Decedent's "habit and custom" to wear the rings daily, that she was seen wearing the rings on November 17, 2010, the day before she was found dead, and that Defendants did not investigate or search for the missing rings, Plaintiffs do not allege any specific wrongdoing or negligence on behalf of Defendants. They merely allege that Defendants proximately caused the loss, but do not say how. We have already said that mere negligence is not enough to waive immunity. *See Bober*, 1991-NMSC-031, ¶ 32 ("[N]o case has held that simple negligence in the performance of a law enforcement officer's duty amounts to commission of one of the torts listed in . . . [S]ection [41-4-12].").

**{30}** Because we reach our holding based on Plaintiffs' failure to allege facts of how Defendants were responsible, we need not reach whether physical damage is required for property damage under the TCA. Since the district court based its ruling on this finding—that physical damage was required for property damage—we affirm the district court under our right for any reason doctrine. *See Romero v. Bd. of Cty. Comm'rs*, 2011-NMCA-066, ¶ 7, 150 N.M. 59, 257 P.3d 404 ("[W]e can affirm if the district court was correct for any reason that was before it on the basis of the presentations of the parties."). Again, Plaintiffs have failed to point us to any authority that any such negligent supervision or a negligent investigation resulting in the unaccountability of personal property falls within one of the enumerated torts within Section 41-4-12, and we therefore hold that the district court did not abuse its discretion in determining that Count II fails to state a claim for relief.

## Counts III and IV

**{31}** For Count III, Plaintiffs assert a claim for negligent supervision and negligent investigation causing interference with due process rights afforded by the federal and state constitutions. They allege that "[b]y not protecting the evidence or integrity of the

scene . . . and by failing to preserve evidence and misleading the OMI, APD personnel interfered with the Estate's due process and/or right to access the Courts." The district court categorized the due process right to access the court as "arguably a form of property right."

**{32}** At the motions hearing, Plaintiffs argued that constitutional protections asserted in the proposed complaint under Article II, Sections 2, 4, 18, and 24 of the New Mexico Constitution fall within the waiver of immunity. Plaintiffs further argued that to the extent the district court was bound by the federal district court's dismissal of the access to court claims, it should diverge from federal precedent under an interstitial analysis.

**{33}** Count IV asserts the same claim under greater protections provided by the state constitution for interference with the Estate's due process right to access the courts under the state constitution. It further alleges, "the conduct of Defendant's personnel at the scene . . . caused any and all evidence to be lost"; and "Defendant was negligent in supervising the personnel who were present at [Decedent]'s home and who interfered with any investigative efforts subsequent to November 18, 2010." The alleged injury is the same. The federal district court, applying federal law, rejected this claim. Although Plaintiffs contend that the state constitution provides greater protections and urges this Court to apply an interstitial analysis, they provide no analysis to support their contention. They merely cite to *Morris v. Brandenburg*, 2016-NMSC-0027, ¶ 19, 376 P.3d 836, and *State v. Gomez*, 1997-NMSC-006, ¶ 19, 122 N.M. 777, 932 P.2d 1, setting forth the procedure for an interstitial analysis. At the motions hearing, Plaintiffs' counsel again identified the *Gomez* case as established precedent for an interstitial analysis and identified the pertinent state constitutional provisions, but never provided any application of *Gomez* or argument to support their claim.

**{34}** We decline to consider Plaintiffs' state constitutional claim where Plaintiffs have failed to provide us with any authority, state or federal, or analysis that evidences a greater protection under the state constitution, much less a greater protection in the face of a failure to adequately plead a cognizable injury. We are unable to overlook this critical flaw. "To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53. "This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for [appellate courts] to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Id*. Therefore, we do not reach this state constitutional issue. Count IV thus fails to state a claim for relief.

**{35}** Similarly, Court III is subject to dismissal because regardless of whether interference with due process rights is categorized as a deprivation of a property right or some other constitutional deprivation, Plaintiffs were still required to assert that they had a viable cause of action resulting from the alleged interference. *See Han-Noggle City of Albuquerque*, 632 F. App'x 476, 481 (10th Cir. 2015) (unpublished) (holding that "[t]he right of access to the courts is ancillary to the underlying claim, without which a plaintiff

cannot have suffered injury by being shut out of court" (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)); *see generally, Kerns v. Bd. of Comm'rs of Bernalillo Cty.*, 707 F. Supp. 2d 1190, 1283 (D.N.M. 2010) (rejecting argument that "law enforcement officer is liable for property damage resulting from a violation of property rights" where search pursuant to a warrant was lawful, and dismissing claims under the TCA for deprivation of property right based in trespass and conversion due to failure to put forth facts asserting "any evidence of property damage"), *overruled on other grounds by*, *Kerns v. Bader*, 66 F.3d 1173 (10th Cir 2011).

**{36}**    Plaintiffs neither specify what legal claim they may have been able to pursue had APD not engaged in the alleged negligent conduct, nor attempt to quantify their damages in not being able to pursue the undermined tort claim. New Mexico courts have been hesitant to recognize damages which are similarly highly speculative in nature. *See, e.g., Peters Corp. v. N.M. Banquest Inv'rs Corp.*, 2008-NMSC-039, ¶ 37, 144 N.M. 434, 188 P.3d 1185 (stating "vague speculation about the outcome of a hypothetical lawsuit . . . does not establish any concrete loss to the [plaintiffs] resulting from [the defendant's conduct]. Such speculation cannot form the basis for compensatory damages, let alone equitable remedies that are awarded at the discretion of the [district] court.").

**{37}**    Plaintiffs further argue that because they have demonstrated the traditional standing requirements of "injury in fact, causation, and redressability," *ACLU v. City of Albuquerque*, 2008-NMSC-045, ¶¶ 9-10, 144 N.M. 471, 188 P.3d 1222, that they are entitled to a remedy. However, New Mexico's guarantee of access to the courts "does not guarantee the continued existence of a cause of action or remedy." *Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶¶ 21, 23, 125 N.M. 721, 965 P.2d 305; *see also Wills v. Bd. of Regents of Univ. of N.M.*, 2015-NMCA-105, ¶ 29, 357 P.3d 453 ("The right to sue the government for tort damages is not a fundamental right; it is a statutory right. As such the Legislature may reasonably restrict that right, as it has done in the TCA." (internal quotation marks and citations omitted)). We hold that the district court did not abuse its discretion in denying Plaintiffs' motion for leave to amend their complaint and incorporate Counts III and IV.

## Count V

**{38}**    Plaintiffs allege that the negligent supervision and/or negligent investigation deprived the Estate of a statutory right as set forth in Section 29-1-1, which is intended to protect the public, including Decedent's Estate. The factual allegations include: Decedent habitually wore two family heirloom rings worth $100,000, including the day she died; APD did not investigate or search for the missing rings; Decedent's sister "was forced to file a police report . . . about the missing rings"; APD eventually investigated the matter and the assigned investigator expressed some concerns with the number of people at the scene; the APD investigator stated that the person first to arrive on the scene did not notice whether Decedent was wearing the rings. Plaintiffs further allege that "[a]s a direct and proximate result of APD's reckless, deliberate and

negligent acts or omissions in failing to fulfill their duties . . . Defendant[s] proximately caused Plaintiff[s] harm."

{39}    Section 29-1-1 requires law enforcement officers "to investigate all violations of criminal laws of the state which are called to the attention of any such officer or of which he is aware[.]" Plaintiffs argue on appeal that but for the Defendant's violation of the statue, they would have access to the courts to seek any redress. *See Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 1996-NMSC-021, ¶¶ 33-35, 121 N.M. 646, 916 P.2d 1313 (concluding that Section 29-1-1 creates a duty to private individuals and remedy of removing the officer does not "preclude enforcement under the [TCA]"). Section 29-1-1 requires a criminal violation in order to trigger an investigation by law enforcement. The proposed fourth amended complaint does not identify an alleged crime that would trigger an investigation into the missing rings. The complaint states that there was an investigation at their prompting, but never reveals whether a conclusion was reached in that investigation and if so, whether the conclusion included criminal violations. We recognize that Plaintiffs incorporated by reference Count II into Count V; however, Count II simply alleges that the rings were missing and the negligent supervision and investigation caused the loss of the rings. Plaintiffs' implicit claim that an unknown crime was committed requires pure speculation to form the basis for a claim for relief. *See*, *e.g.*, *Baca v. Bueno Foods*, 1988-NMCA-112, ¶ 15, 108 N.M. 98, 766 P.2d 1332 ("Evidence from which a proposition can be derived only by speculation among equally plausible alternatives is not substantial evidence of the proposition."). We conclude that the district court did not abuse its discretion in denying Plaintiffs motion for leave to amend their complaint and that such an amendment would be futile.

**CONCLUSION**

{40}    Based on the foregoing, we affirm the district court's order granting Defendants' motion to dismiss Count VI of the third amended complaint and denying Plaintiffs' motion for leave to amend their complaint.

{41}    **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MICHAEL D. BUSTAMANTE, Judge Pro Tempore**